**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PATHWAY IP LLC, | ) | |
| | ) | Case No. 1:24-cv-5218 |
| Plaintiff, | ) | |
| | ) | Judge: Hon. Franklin U. Valderrama |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey T. Gilbert. |
| The Individuals, Corporations, Limited | ) | |
| Liability Companies, Partnerships, and | ) | JURY TRIAL DEMANDED |
| Unincorporated Associations Identified on the | ) | |
| Attached Schedule A | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS IPHOTOXX, LIXINSHUNYI, PHOTO GUARD, RUIHOTOR,**
**CATCHPICCUS, HIFOCUSIUS, QIHUICHANG, SHIQIAOSHANG, VIVIDNWUS,**
**XINGBOOM, XUANXIUUS, JINSNOW, AND SHUTTERLIGHT**
**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendants iphotoxx, Lixinshunyi, Photo Guard, RUIHOTOR, catchpiccus, HiFocusiUS, QiHuichang, ShiQiaoShang, VividNWUS, XingBoom, XuanXiuUS, Jinsnow, and ShutterLight (collectively, "Defendants") hereby answers the Complaint of Plaintiff Pathway IP LLC ("Plaintiff") as set forth below. This pleading is based upon Defendants' knowledge as to their own activities, and upon information and belief as to the activities of others. Defendants deny all allegations except those specifically admitted below. *See* Fed. R. Civ. P. 8(b)(3).

## RESPONSE TO JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

**ANSWER**: Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to bring an action for patent

infringement under the laws of the United States. Defendants deny the remaining allegations in

Paragraph 1, including that they infringe the Asserted Patent.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants structure their business activities so as to target consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores operating under the aliases identified on Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell products which infringe Plaintiff's patented inventions, as described below, (collectively, the "Unauthorized Products") to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the state of Illinois.

**ANSWER**: Paragraph 2 states legal conclusions to which no response is required. To the

extent a response is required, denied.

## RESPONSE TO INTRODUCTION

3.      Plaintiff filed this case to prevent e-commerce store operators who infringe upon Plaintiff's patented invention from further selling and/or offering for sale Unauthorized Products. Defendants create e-commerce stores under one or more Seller Aliases and then advertise, offer for sale, and/or sell Unauthorized Products to unknowing consumers. E-commerce stores operating under the Seller Aliases share identifiers, such as design elements and similarities of the Unauthorized Products offered for sale, establishing that a logical relationship exists between them, and that Defendants' infringing operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants take advantage of a set of circumstances, including the anonymity and mass reach afforded by the Internet and the cover afforded by international borders, to violate Plaintiff's intellectual property rights with impunity. Defendants attempt to avoid liability by operating under one or more Seller Aliases to conceal their identities, locations, and the full scope and interworking of their infringing operation. Plaintiff is forced to file this action to combat Defendants' infringing of its patented invention, as well as to protect consumers from purchasing Unauthorized Products over the internet. Plaintiff has been, and continues to be, irreparably damaged through loss of market share and erosion of Plaintiff's patent rights because of Defendants' actions and therefore seeks injunctive and monetary relief...

**ANSWER**: Paragraph 3 states legal conclusions to which no response is required. To the

extent a response is required, Defendants admit that Plaintiff purports to bring an action for patent

infringement under the laws of the United States. Defendants deny the remaining allegations in

Paragraph 3, including that they infringe the Asserted Patent.

## RESPONSE TO THE PARTIES

4.      Plaintiff, Pathway IP LLC, is a limited liability New York corporation with itsprincipal place of business at 400 Rella Blvd, Montebello, NY 10901 and is the owner of the patent asserted in this action.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 4 of the Complaint and therefore deny them.

5.      Plaintiff is the lawful owner by assignment of all right, title, and interest in ███████████████████████ A true and correct copy of Plaintiff's Patent is attached hereto as **Exhibit 1**.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 5 of the Complaint and therefore deny them.

6.      The ██ Patent was issued on █████████ *See* **Exhibit 1**.

**ANSWER**: Denied.

7.      The ██ Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35. U.S.C. § 282.

**ANSWER**: Paragraph 7 states legal conclusions to which no response is required. To the

extent a response is required, denied.

8.      Claim 1 of the ██ Patent ███:



*See* **Exhibit 1**.

**ANSWER**: Defendants admit that Paragraph 8 reproduces claim 1 of the ███████

9.      Plaintiff's product (i.e., ███████████████ is designed to ███████████████████████████████████████████████████

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 9 of the Complaint and therefore deny them.

10.     On information and belief, Defendants, either individually or jointly, operate one
or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics
used by Defendants to conceal their identities and the full scope of their operation make it virtually
impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their
infringing network. If Defendants provide additional credible information regarding their
identities, Plaintiff will take appropriate steps to amend the Complaint.

**ANSWER**: Defendants admit that they operate online storefronts on Amazon. Defendants

deny any remaining allegations in Paragraph 10.

<u>**RESPONSE TO DEFENDANTS' ALLEGED UNLAWFUL CONDUCT**</u>

11.     The success of the Plaintiff's Products has resulted in significant infringement of
Plaintiff's Patent. Because of this, Plaintiff has implemented an anti-infringement program that
involves investigating suspicious websites and online marketplace listings identified in proactive
Internet sweeps. Recently, Plaintiff has identified many fully interactive e-commerce stores
offering Unauthorized Products on online marketplace platforms like Amazon.com, Inc.
("Amazon"), eBay, Inc. ("eBay"), WhaleCo, Inc., ("Temu"), and Walmart, Inc. ("Walmart"),
including the e-commerce stores operating under the Seller Aliases. True and correct copies of the
screenshot printouts showing the active e-commerce stores operating under the Seller Aliases
reviewed are attached as **<u>Exhibit 2</u>**.

**ANSWER**: Denied.

12.     The Seller Aliases target consumers in this Judicial District and throughout the
United States. According to a report prepared for The Buy Safe America Coalition, most
counterfeit products now come through international mail and express courier services (as opposed
to containers) due to increased sales from offshore online infringers. *The Counterfeit Silk Road:
Impact of Counterfeit Consumer Products Smuggled Into the United States*, prepared by John
Dunham & Associates (**<u>Exhibit 3</u>**).

**ANSWER**: To the extent the allegations in Paragraph 12 quote or paraphrase a document,

the document speaks for itself. Defendants deny any remaining allegations in Paragraph 12.

13.     Because counterfeit products sold by offshore online counterfeiters do not enter
normal retail distribution channels, the U.S. economy lost an estimated 300,000 or more full-time
jobs in the wholesale and retail sectors alone in 2020. *Id*. When accounting for lost jobs from
suppliers that would serve these retail and wholesale establishments, and the lost jobs that would
have been induced by employees re-spending their wages in the economy, the total economic
impact resulting from the sale of counterfeit products was estimated to cost the United States
economy over 650,000 full-time jobs that would have paid over $33.6 billion in wages and

benefits. *Id*. Additionally, it is estimated that the importation of counterfeit goods costs the United States government nearly $7.2 billion in personal and business tax revenues in the same period. *Id*.

**ANSWER**: To the extent the allegations in Paragraph 13 quote or paraphrase a document, the document speaks for itself. Defendants deny any remaining allegations in Paragraph 13.

14.     Online marketplace platforms like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." **Exhibit 4**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); *see also* report on "*Combating Trafficking in Counterfeit and Pirated Goods*" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), attached as **Exhibit 5**, and finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and that "[t]he ability to rapidly proliferate third-party online marketplaces greatly complicates enforcement efforts, especially for intellectual property rights holders." Counterfeiters hedge against the risk of being caught and having their websites taken down from an e-commerce platform by establishing multiple virtual storefronts. Exhibit 5 at p. 22. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, counterfeiters can have many different profiles that can appear unrelated even though they are commonly owned and operated. **Exhibit 5** at p. 39. Further, "[e]-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." **Exhibit 4** at 186-187. Specifically, brand owners are forced to "suffer through a long and convoluted notice and takedown procedure only [for the counterfeit seller] to reappear under a new false name and address in short order." *Id*. at p. 161.

**ANSWER**: To the extent the allegations in Paragraph 14 quote or paraphrase documents, the documents speak for themselves. Defendants deny any remaining allegations in Paragraph 14.

15.     The very same concerns regarding anonymity, multi-storefront infringers, and slow and ineffective notice and takedown marketplace procedures impact Plaintiff's enforcement efforts when trying to assert its own patent rights.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore deny them.

16.     Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell and/or offer for sale Unauthorized Products to residents of Illinois.

**ANSWER**: Defendants admit that they operate online storefronts on Amazon. Defendants deny any remaining allegations in Paragraph 16.

17.     Defendants concurrently employ and benefit from similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars in multiple ways, including via credit cards, Alipay, Amazon Pay, and/or PayPal. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish their stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants use of Plaintiff's Patents, and none of the Defendants are authorized retailers of Plaintiff's Products.

**ANSWER**: Defendants admit that they operate online storefronts on Amazon. Defendants deny any remaining allegations in Paragraph 17.

18.     E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore deny them.

19.     E- commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their infringing operation, and to avoid being shut down.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore deny them.

20.     Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other common features, such as registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Unauthorized Products for sale by the Seller Aliases bear similar irregularities and indicia of being infringing to one another, suggesting that the Unauthorized

Products were manufactured by and come from a common source and that Defendants are interrelated..

**ANSWER**: Denied.

21.     E- commerce store operators like Defendants communicate with each other through QQ.com chat rooms and utilize websites, like sellerdefense.cn, that provide tactics for operating multiple online marketplace accounts and evading detection by intellectual property owners. Websites like sellerdefense.cn also tip off e-commerce store operators like Defendants of new intellectual property infringement lawsuits filed by intellectual property owners, such as Plaintiff, and recommend that e-commerce operators cease their infringing activity, liquidate their associated financial accounts, and change the payment processors that they currently use to accept payments in their online stores.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 21 of the Complaint and therefore deny them.

22.     Infringers such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation despite Plaintiff's enforcement. E-commerce store operators like Defendants maintain offshore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to plaintiffs.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 22 of the Complaint and therefore deny them.

23.     Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff have, jointly and severally, knowingly and willfully infringed Plaintiff's Patents in connection with the use and/or manufacturing of Unauthorized Products and distribution, offering for sale, and sale of Unauthorized Products into the United States and Illinois over the Internet.

**ANSWER**: Denied.

24.     Defendants' unauthorized use and/or manufacturing of the invention claimed in Plaintiff's Patents in connection with the distribution, offering for sale, and sale of Unauthorized Products, including the sale of Unauthorized Products into the United States, including Illinois, is likely to cause, and has caused, loss of market share and erosion of Plaintiff's patent rights is irreparably harming Plaintiff.

**ANSWER**: Denied.

## RESPONSE TO COUNT I
## ALLEGED PATENT INFRINGEMENT (15 (sic.) U.S.C. § 271) – THE ███ PATENT

25.    Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

**ANSWER**: Defendants incorporate their responses to the preceding paragraphs as if fully

set forth herein.

26.    As shown, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly the ███ Patent.

**ANSWER**: Denied.

27.    As shown in the claim charts attached hereto as **Exhibit 6**, the products being sold by Defendants infringes at least Claim 1 of the ███ Patent. The claim charts of **Exhibit 6** are illustrative only and are made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds. Although the claim chart only includes Claim 1, Plaintiff alleges that Defendants have infringed each and every claim of the ███ Patent.

**ANSWER**: Denied.

28.    Specifically, Defendants have infringed and continue to infringe each and every claim of the ███ Patent by making, using, importing, selling, and/or offering to sell their infringing products in the United States without authorization or license from Plaintiff.

**ANSWER**: Denied.

29.    Defendants have profited by their infringement of the ███ Patent, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

**ANSWER**: Denied.

30.    As a direct and proximate result of Defendants' infringement, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendants' infringement of the ███ Patent in connection with the offering to sell, selling, or importing of products that infringe the ███ Patent, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions as well as the lost sales and loss of repeat sales stemming from the infringing acts.

**ANSWER**: Denied.

31.     Defendants' infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

**ANSWER**: Denied.

32.     Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendants are preliminarily and permanently enjoined by this Court from continuing their infringement of the ▮ Patent, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

**ANSWER**: Denied.

33.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

**ANSWER**: Denied.

## RESPONSE TO COUNT II
## ALLEGED UNFAIR COMPETITION (15 U.S.C. § 1125(a))

34.     Plaintiffs *(sic)* hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

**ANSWER**: Defendants incorporate their responses to the preceding paragraphs as if fully

set forth herein.

35.     Despite Plaintiff having valid and enforceable patents, which were embodied in Plaintiff's Products, and sold to consumers in what should have been an otherwise exclusive market, Defendants have developed, manufactured, imported, advertised, and/or sold Unauthorized Products that infringe upon Plaintiff's Patents. *See* **Exhibit 2** and **Exhibit 6**.

**ANSWER**: Denied.

36.     By selling products which infringe upon Plaintiff's Patents, Defendants are attempting to compete for sales with Plaintiff and Plaintiff's Products with products that Defendants are prohibited from selling under U.S. Patent law.

**ANSWER**: Denied.

37.     By selling products which infringe upon Plaintiff's Patents, Defendants are competing for sales against Plaintiff in an unfair and unlawful manner.

**ANSWER**: Denied.

38.     Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of Unauthorized Products creates express and implied misrepresentation that Unauthorized Products were created, authorized, or approved by Plaintiff, allowing Defendants to profit from Plaintiff's goodwill, time, research, and development of Plaintiff's inventions as embodied in Plaintiff's Patents and in Plaintiff's Products, while causing Plaintiff irreparable and immeasurable injury.

**ANSWER**: Denied.

39.     On information and belief, Defendants have intentionally and blatantly infringed upon Plaintiff's Patents by selling Unauthorized Products to take unfair advantage of the enormous time, effort, and expense Plaintiff has spent to cultivate a successful market for the invention embodied in Plaintiff's Patents and in Plaintiff's Products in online marketplaces.

**ANSWER**: Denied.

40.     On information and belief, Defendants have offered to sell and knowingly sold Unauthorized Products with the understanding that, as foreign entities, any enforcement efforts by Plaintiff would be difficult as many countries, including and especially China, make enforcement efforts of foreign IP difficult and collection of any judgments highly improbable.

**ANSWER**: Denied.

41.     On information and belief, to the extent enforcement efforts are made against Defendants, Defendants will merely ignore the efforts since they are free to move any assets out of their marketplace accounts and can easily create new accounts for online marketplaces to sell Unauthorized Products – with little recourse available to Plaintiff.

**ANSWER**: Denied.

42.     Defendants' acts, as described herein, violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' sale and/or offer of sale of products which infringe Plaintiff's Patents, constitutes unfair competition.

**ANSWER**: Denied.

43.     Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury.

**ANSWER**: Denied.

## RESPONSE TO COUNT III
## ALLEGED UNJUST ENRICHMENT – ILLINOIS STATE COMMON LAW

44.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

**ANSWER**: Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

45. Plaintiff spent substantial time, money, and resources in development of the invention embodied in Plaintiff's Patent.

**ANSWER**: Denied.

46. Plaintiff's Patent consists of █████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████

**ANSWER**: Denied.

47. Plaintiff also spent substantial time, money, and resources in the development of Plaintiff's Product, including selling Plaintiff's Product directly to consumers.

**ANSWER**: Denied.

48. Defendants traded upon Plaintiff's good will, reputation, research, and development by selling products which infringed upon Plaintiff's Patents.

**ANSWER**: Denied.

49. Defendants, by selling Unauthorized Products, eroded Plaintiff's market share.

**ANSWER**: Denied.

50. Unauthorized Products include the ███████████████████████████ ████████████████████████████████████████

**ANSWER**: Denied.

51. Defendants knew or should have known that the Unauthorized Products they were selling infringed upon Plaintiff's Patent and by selling those products they were eroding Plaintiff's market share and trading upon its good will, reputation, research, and development.

**ANSWER**: Denied.

52. Defendants, by offering for sale and selling Unauthorized Products, improved their own good will and market share by trading upon the good will, reputation, research, and development of Plaintiff.

**ANSWER**: Denied.

53. On information and belief, Defendants have sold Unauthorized Products, further eroding Plaintiff's market share and trading upon its good will, reputation, research, and development of Plaintiff.

**ANSWER**: Denied.

54. Plaintiff has never received any relief for the erosion of its market share or any compensation from Defendants for their use of Plaintiff's good will, reputation, research, and development.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 54 of the Complaint and therefore deny them.

55. Defendants have been unjustly enriched because they have denied Plaintiff access to customers it would have otherwise had by participating in what should have been Plaintiff's exclusive market by selling products directly to consumers, products which infringed Plaintiff's Patents, and competing against Plaintiff's in the ███████████████████████████

**ANSWER**: Denied.

## RESPONSE TO COUNT IV
## ALLEGED UNFAIR COMPETITION – ILLINOIS STATE COMMON LAW

56. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

**ANSWER**: Defendants incorporate their responses to the preceding paragraphs as if fully

set forth herein.

57. By marketing, advertising, and selling their products which infringe upon Plaintiff's Patents, Defendants are acting with the purpose and intent to deceive consumers into believing that their products are made by Plaintiff or are affiliated with or approved by Plaintiff.

**ANSWER**: Denied.

58. By marketing, advertising, and selling their products which infringe upon Plaintiff's Patents, Defendants intent to harm and are harming Plaintiff's business.

**ANSWER**: Denied.

59. As a result of Defendants' unfair competitive activities, Plaintiff has been damaged and will continue to be damaged unless Defendants are enjoined from infringing upon Plaintiff's Patents.

**ANSWER**: Denied.

60.     Plaintiff is also entitled to recover money damages to compensate for Defendants' unfair conduct.

**ANSWER**: Denied.

### RESPONSE TO PRAYER FOR RELIEF

With respect to Plaintiff's Prayer for Relief, Defendants deny that Plaintiff is entitled to the judgment and relief requested in Paragraphs 1-12 of the Prayer for Relief.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement of the ▮ Patent)

Defendants have not and will not infringe, either directly or indirectly, any valid and enforceable claim of the ▮ Patent.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity and/or Unenforceability of the ▮ Patent)

The claims of the ▮ Patent are invalid and/or unenforceable for failure to satisfy one or more requirements and/or conditions for patentability under Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, as well as obviousness-type double patenting.

### THIRD AFFIRMATIVE DEFENSE
### (Costs)

Upon information and belief, Plaintiff is barred under 35 U.S.C. § 288 from recovering costs in connection with this action.

### FOURTH AFFIRMATIVE DEFENSE
### (Exceptional Case)

Defendants' actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

**FIFTH AFFIRMATIVE DEFENSE**
**(Failure to Mark)**

Plaintiff has failed to properly mark one of more of its relevant products as required by 35 U.S.C. § 287. Defendants are thus not liable to Plaintiff for the acts alleged to have been performed before they received actual notice that they were allegedly infringing the ██ Patent.

**SIXTH AFFIRMATIVE DEFENSE**
**(Waiver, Laches, Estoppel)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel, and/or laches.

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Injunctive Relief)**

Plaintiff is not entitled to injunctive relief, including for the reasons set forth in Defendants Emergency Motion to Dissolve or Modify the *Ex Parte* TRO.

**COUNTERCLAIMS**

Without admitting any of the allegations of Plaintiff, other than those expressly admitted herein, and without prejudice to the right of Defendants to plead additional Counterclaims as the facts of the matter warrant, Defendants hereby assert the following Counterclaims against Plaintiff:

**NATURE OF THE ACTION**

1.      These Counterclaims seek a declaratory judgment that the Accused Products do not infringe any valid and enforceable claim of the ██ Patent and that each and every claim of the ██ is invalid for failure to satisfy one or more requirements and/or conditions for patentability under Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112. These Counterclaims also seek damages for Plaintiff's baseless assertion of patent infringement.

14

## THE PARTIES

2.      Defendants are well-established storefronts, operating on Amazon for many years. They are authorized distributors of high-quality photography and other camera accessories manufactured by a third-party, Neewer—a world-renowned brand and developer of software and equipment relating to photography, live streaming, and videos. Plaintiff has accused four of the hundreds of different products sold by Moving Defendants of infringement, a "ring light" depicted below:

| Accused Product 1 | Accused Product 2 |
|---|---|
|  |  |
| Accused Product 3 | Accused Product 4 |



3.      According to the Complaint, Pathway IP LLC, is a limited liability New York corporation with its principal place of business at 400 Rella Blvd, Montebello, NY 10901.

4.      On information and belief, Plaintiff formed its limited liability company just months before filing this lawsuit. Its corporate filings do not list any officers or registered agents other than corporate services companies.

5.      On information and belief, Plaintiff has not sold any product embodied by claim 1 of the ███ Patent in the United States.

6.      On information and belief, Plaintiff does not sell any product in the United States.

7.      Indeed, aside from a conclusory allegation that it has a product, Plaintiff has not identified any of its own products in its Complaint or other filings. *See* ECF No. 5 at ¶ 9.

8.      Plaintiff purchased the Asserted Patent just months before filing this suit.

9.      This Court has personal jurisdiction over Plaintiff because Plaintiff has availed itself of the legal protections of the State of Illinois by voluntarily submitting to and employing the jurisdiction of this Court as a plaintiff in this matter, as well as the improper actions Plaintiff has taken in this Court.

10.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because Plaintiff has voluntarily submitted to the jurisdiction of the Court in this matter.

11.     An actual, substantial, and continuing justiciable controversy exists between Defendants and Plaintiff with respect to which Defendant requires a declaration of its rights by this Court. Specifically, the controversy relates to the invalidity, unenforceability, and noninfringement of the ▮ patent and to Plaintiff's right to threaten and/or maintain a suit for infringement of the ▮ patent.

## FACTUAL BACKGROUND

12.     According to the Complaint, Plaintiff is the owner by assignment of U.S. Patent No. ▮ ("the '▮ Patent").

13.     Defendants began selling the Accused Product online at least as early as June 13, 2015.

14.     Upon information and belief, Plaintiff knew or should have known of Defendants' public sales of the Accused Products on Amazon.com.

15.     Upon information and belief, Plaintiff made no attempt to inform the Defendants of the ▮ Patent or its allegedly infringing activities prior to the filing of this lawsuit.

16.     Defendants were not aware of the alleged patent infringement or the '▮ patent until after issuance of the TRO.

17.     Approximately two weeks after it filed the Complaint, Plaintiff sought an *Ex Parte* Temporary Restraining Order (TRO) that sought to freeze the Amazon.com accounts of all accused defendants and prevent further sales of the accused products.

18.     On information and belief, Plaintiff filed its Complaint and TRO under seal to prevent Defendants and the other accused defendants from contesting the TRO with the Court

and/or learning the identity of the ▮ Patent.

19.     Upon information and belief, Plaintiff did not obtain samples of Defendants'
Accused Products before bringing this suit, even though those products were readily available for
purchase through Amazon.com.

20.     Upon information and belief, Plaintiff failed to conduct an adequate pre-filing
investigation prior to filing its Complaint and seeking a Temporary Restraining Order.

21.     Upon information and belief, Plaintiff was aware that the *Ex Parte* TRO would
prevent sales by Defendants on "Amazon Prime Day" wherein increased sales volume is typical
and expected.

**COUNT I**
**(Declaratory Judgment of Invalidity of the ▮ Patent)**

22.     Defendants reallege and incorporate by reference the allegations in the preceding
paragraphs of these Counterclaims as if fully set forth herein.

23.     There is an actual, substantial, continuing, and justiciable controversy between
Defendants and Plaintiff regarding the invalidity of the ▮ Patent, based on Plaintiff's allegations
in the Complaint that Defendants have infringed or will infringe the ▮ Patent.

24.     Each and every claim of the ▮ Patent is invalid for failure to satisfy one or more
provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101,
102, 103, and/or 112, as well as obviousness-type double patenting.

25.     The alleged invention of the ▮ Patent was known or used by others in this
country or patented or described in a printed publication in this or a foreign country, before the
invention thereof by the applicant for the ▮ Patent.

26.     The alleged invention of the ▮ Patent was patented or described in a printed
publication in this or a foreign country more than one year prior to the date of the application for

18

the ██ Patent in the United States.

27.     The ██ Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

28.     The alleged invention of the ██ Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the ██ Patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the ██ Patent and would have had a reasonable expectation of success in doing so.

29.     The subject matter claimed in the ██ Patent fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge or such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

30.     Without limitation, the ██ Patent is invalid under 35 U.S.C. §§ 102 and/or 103 based on the following prior art references:

- U.S. Patent No. 6,663,260

- CN2261632Y

- JP2005331785A

- CN2235130Y

- U.S. Patent No. 3,474,242

- U.S. Patent No. 7,290,893

19

31.     Defendants are entitled to a judicial declaration that all claims of the ▆ Patent are invalid.

## COUNT II
**(Declaratory Judgment of Non-Infringement of the ▆ Patent)**

32.     Defendants reallege and incorporate by reference the allegations in the preceding paragraphs of these Counterclaims as if fully set forth herein.

33.     There is an actual, substantial, continuing, and justiciable controversy between Defendants and Plaintiff regarding whether Defendants' accused products infringe, have infringed, or will infringe any valid and enforceable claim of the ▆ Patent either directly or indirectly.

34.     Defendants have not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the ▆ Patent and are not liable for such infringement.

35.     Defendants are entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the ▆ Patent.

## COUNT III
**(Abuse of Process and Unfair Competition)**

36.     Defendants reallege and incorporate by reference the allegations in the preceding paragraphs of these Counterclaims as if fully set forth herein.

37.     On information and belief, Plaintiff improperly sought to prevent fair competition by Defendants, including on "Amazon Prime Day." By and through the aforesaid conduct, including by bringing this baseless action and obtaining the *ex parte* TRO under false pretenses and in bad faith, Plaintiff improperly sought to halt or otherwise damage Defendants' legitimate business operations; freeze Defendants' funds—including those unrelated to the accused products; undermine Defendants' business relationship with Amazon.com; and unfairly secure a dominant settlement negotiation position.

38.     Accordingly, Defendant seeks a judgment declaring that Plaintiff abused the legal process by committing unfair competition and damages sufficient to both compensate Defendants and disincentivize such behavior by Plaintiff and similarly situated patent owners in the future.

**PRAYER FOR RELIEF**

Wherefore, Defendants respectfully requests that this Court enter judgment against Plaintiff and issue an order:

a)     An award of compensatory and punitive damages against Plaintiff and in favor of Defendants;

b)     Dismissing the Complaint with prejudice and denying each request for relief made by Plaintiff therein;

c)     Declaring all claims of the Asserted Patent invalid;

d)     Declaring that the accused products have not infringed and do not infringe any valid and enforceable claim, if any, of the Asserted Patent;

e)     Declaring that Defendants have not directly or indirectly infringed, induced infringement of, or contributed to the infringement of any valid and enforceable claim, if any, of the Asserted Patent;

f)     Declaring that the manufacture, use, offer to sell, sale, and/or importation into the United States of Defendants' accused products, does not, and would not, if marketed, directly or indirectly infringe any valid and enforceable claim, if any, of the Asserted Patent;

g)     Declaring that this case is an exceptional case in favor of Defendants pursuant to 35 U.S.C. § 285;

h)     Declaring Defendants the prevailing party and awarding costs and attorney fees to Defendants; and

21

i)      Awarding Defendants such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Dated: July 15, 2024

*/s/ Jacqueline Brousseau*
Jacqueline Brousseau
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: (312) 456-8400
Jacqueline.brousseau@gtlaw.com

Jonathan D. Ball (*pro hac vice* forthcoming)
Giancarlo L. Scaccia (*pro hac vice* forthcoming)
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 801-9200
ballj@gtlaw.com
scacciag@gtlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the date set forth below, I electronically filed the foregoing **Answer, Affirmative Defenses, and Counterclaims** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to all counsel of record.


Dated: July 15, 2024                    _/s/ Jacqueline Brousseau_____