# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PATHWAY IP LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on the Attached Schedule A<br>    *Defendants.* | Case No. 1:24-cv-5218<br><br>Judge: Hon. Franklin U. Valderrama<br><br>Magistrate Judge: Jeffrey T. Gilbert |

## Defendants' Amended Emergency Motion to Dismiss for Improper Joinder

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................ 1

II.     ARGUMENT ....................................................................................................... 1

     A.     Defendants Do Not Sell the Same Products as Required by 35 U.S.C. § 299 ..... 2

     B.     Defendants Do Not Meet the Same Transaction, Occurrence, or Series of
                   Transactions or Occurrences Requirement of 35 U.S.C. § 299 ........................... 6

III.    CONCLUSION .................................................................................................... 8

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Oakley, Inc. v. P'ships Identified on Schedule "A",*

No. 21 C 536, at *3 (N.D. Ill. Jan. 30, 2021) .................................................................. 1, 6

*Digitech Image Techs. LLC v. Agfaphoto Holding GmbH,*

No. 8:12-cv-1153-ODW(MRWx), 2012 WL 4513805, at *1 (C.D. Cal. Oct. 1, 2012) .................................................................................................................... 2, 3, 6

*Rosetta-Wireless Corp. v. Apple Inc.,*

2015 WL 6955492, at *3 (N.D. Ill. Nov. 10, 2015) ............................................................ 2

*Rudd v. Lux Products Corp.,*

2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) .............................................................. 3

*Cozy Comfort Co. v. The Individuals identified in Schedule A to the Complaint,*

23-cv-16563, at *25 (N.D. Ill. May 28, 2024) .................................................................. 3

*Nat'l Prods. Inc. v. Arkon Res. Inc.,*

No. CV 18-02936 AG (SSx), 2018 WL 5099781, at *2 (C.D. Cal. Aug. 29, 2018) ......... 6

*Tang v. The P'ships & Unincorporated Ass'ns identified on Schedule A,*

23 C 4587, at *3-4 (N.D. Ill. Jan. 4, 2024) ............................................................. 6, 7, 8

*In re EMC,*

   677 F.3d at 1359 .................................................................................................. 7


*Broadband iTV Inc. v. Hawaiian Telcom Inc.,*

   No. 14-00169 ACK-RLP, 2014 WL 5580967, at *5 (D. Haw. Oct. 30, 2014) ................. 8


*LG Elecs. Inc. v. Partnerships & Unincorporated Associations Identified in Schedule A,*

   2021 WL 5742389, at *4 (N.D. Ill. Dec. 2, 2021) ............................................... 8


*Pat. Holder Identified in Exhibit 1 v. Does 1-254,*

   2021 WL 410661, at *2 (N.D. Ill. Feb. 6, 2021) .................................................. 7


**Statutes**

35 U.S.C. § 299 ...............................................................................1, 2, 3, 4, 6, 7, 8

iii

Defendant No. 2 Luxsure-US and Defendant No. 60 Yarrashop Direct (collectively, the "Moving Defendants"), through their undersigned counsel, respectfully submit this Emergency Motion to Dismiss for Improper Joinder pursuant to the patent joinder statute, 35 U.S.C. § 299.

## I.    INTRODUCTION

Plaintiff does not properly join the Moving Defendants consistent with 35 U.S.C. § 299. The Moving Defendants in this case sell products that are different from those sold by the other Defendants, and they are not connected through the same transaction or occurrence. Furthermore, Plaintiff filed a Motion for Preliminary Injunction on August 6, 2024, which would improperly burden the Moving Defendants with the obligation to respond. This motion qualifies as an emergency motion because it is necessary to avoid compelling the Moving Defendants to defend themselves in a case where they have been misjoined. Therefore, the Moving Defendants respectfully request that this Court dismiss the case against them in its entirety due to misjoinder.

## II.    ARGUMENT

Plaintiff has not adequately demonstrated that the joinder of the Moving Defendants in this action complies with the requirements set forth in 35 U.S.C. § 299. Prior to 2011, joinder in patent infringement cases was governed by Fed.R.Civ.P. 20(a)(2). However, with the enactment of the America Invents Act ("AIA") in 2011, the standards for joinder became more stringent. "Before the AIA, it was common for patent holders...to sue or attempt to sue multiple infringers in a single suit. The AIA sought to put a stop to this." *Oakley, Inc. v. P'ships Identified on Schedule "A"*, No. 21 C 536, at *3 (N.D. Ill. Jan. 30, 2021). One provision of the AIA, codified at 35 U.S.C. § 299, imposes a higher standard for joinder in patent cases. *E.g., Digitech Image Techs., LLC v. Agfaphoto Holding GmbH*, No. 8:12-cv-1153-ODW(MRWx), 2012 WL 4513805, at *1 (C.D. Cal. Oct. 1, 2012). That statute provides, in relevant part:

1

[P]arties that are accused [patent] infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if-

(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and

(2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a). The statute further clarifies that accused infringers may not be joined "based solely on allegations that they each have infringed the patent or patents in suit." *Id*. § 299(b).

## A.      Defendants Do Not Sell the Same Products as Required by 35 U.S.C. § 299

This case cannot proceed against the Moving Defendants because they do not sell the same products as the other Defendants and are not involved in the same transaction or occurrence. The AIA's joinder provision is "more stringent than Rule 20, and adds a requirement that the transaction or occurrence must relate to the making, using, or selling of the ***same*** accused ***product or process.***" *Rosetta-Wireless Corp. v. Apple Inc.*, 2015 WL 6955492 at *3 (N.D. Ill. Nov. 10, 2015) (emphasis added). Importantly, under the AIA, "accused infringers may not be joined in one action as defendants … based solely on allegations that they each have infringed the patent or patents in suit." *Id.*; § 299(b).

Furthermore, § 299 requires that any joined defendants sell the "same" accused product, which means that the products must be "identically sourced"; it is not sufficient for the accused products to merely share similarities. *Digitech*, 2012 WL 4513805, at *2-3.

2

Congress explicitly stated that the purpose of § 299 was to "legislatively abrogate" overly broad interpretations of permissible joinder, "effectively conforming these courts' jurisprudence to that followed by a majority of jurisdictions," with Congress citing *Rudd v. Lux Products* that "allegations that unrelated defendants design, manufacture and sell ***similar*** products does ***not*** satisfy Rule 20(a)'s requirement." H.R. Rep. No. 112-98, 55 n.61 (2011), reprinted in 2011 U.S.C.C.A.N. 67, 85 n.61; *Rudd v. Lux Products Corp.*, 2011 WL 148052, *3 (N.D. Ill. January 12, 2011)(emphasis added)("Simply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20."). See also *Cozy Comfort Co. v. The Individuals identified in Schedule A to the complaint, 23-cv-16563*, at *25 (N.D. Ill. May 28, 2024) ("the accused products are similar does not support joinder under § 299.").

Accordingly, to be properly joined, the Defendants must sell the same accused products, which is not the case here.

The few allegations in the Complaint regarding the propriety of joinder are insufficient. Plaintiff asserts that joinder is proper because the accused products that Defendants offer for sale "bear similarities and indicia of being related to one another, suggesting that the [products] were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated." (*See* ECF No. 85 at ¶ 22). This allegation is entirely conclusory, as the Moving Defendants' products do not originate from a common source with those of the other Defendants. Nevertheless, even if they did, that alone is insufficient to establish that the products are the same. *See Cozy Comfort Co. v. The Individuals identified in Schedule A to the Complaint*, 23-cv-16563, at *25 (N.D. Ill. May 28, 2024), the court held that merely alleging similarity and a common source of the defendants' products is insufficient to support joinder under § 299.

3

Plaintiff has not alleged that the other Defendants sell the "same accused products." Instead, the evidence indicates that each Defendant sells conceptually similar, but not identical, products. As demonstrated in Table 1, the products offered by the Moving Defendants exhibit significant differences from the accused products offered by the other Defendants in this case. These differences necessitate a separate analysis, precisely the situation that § 299 was enacted to prevent.

The accused products sold by the Moving Defendants No.2 Luxsure-US and No. 60 Yarrashop Direct are distinct from those sold by the other Defendants, including but not limited to Peyou US Ltd, Woputne-US, and Kimwood Official. *See* ECF 85, Exhibit 6. Yarrashop Direct and Luxsure-US offer ring lights with adjustable tripod stands and multiple mounting accessories, designed for versatile use in different environments. Additionally, the accused products from Yarrashop Direct and Luxsure-US are only capable of emitting three color temperatures: cool white, natural light, and warm light. In contrast, Peyou US Ltd provides ring lights with advanced features such as multiple color settings and remote controls. Woputne-US focuses on ring lights supported by "gooseneck" stands, which are flexible hoses that allow 360-degree adjustment of the light angle, while Kimwood Official offers clip-on ring lights for more portable and smaller setups. These differences in design, features, intended use, and light emission capabilities clearly distinguish the products of the Moving Defendants from those of the other Defendants.

| Moving Defendant No.2 Luxsure-US's Product | Moving Defendant No.2 Luxsure-US's Product | Moving Defendant No.60 Yarrashop Direct's Product |
|---|---|---|



| Defendant No.27 Woputne-US | Defendant No.51 Peyou US Ltd's Product | Defendant No.29 Kimwood Official's Product |
|---|---|---|



**Table 1: Comparison between Moving Defendants' and Other Defendants' Products**

5

The differences among the accused products demonstrate that Defendants are not selling the "same" products, as required for proper joinder under the statute. *See, e.g., Nat'l Prods., Inc. v. Arkon Res., Inc.*, No. CV 18-02936 AG (SSx), 2018 WL 5099781, at \*2 (C.D. Cal. Aug. 29, 2018) ("[T]he accused products are not the same exact product, but instead simply the same in 'material respects.' In other words, they are actually different products."); *Digitech*, 2012 WL 4513805, at \*3 ("[The plaintiff] does not-and cannot-assert that the hundreds of different accused cameras from the various Defendant manufacturers are identical. It is insufficient for [the plaintiff] to rely on the alleged similarities between the infringing digital cameras to satisfy the 'same transaction' requirement for joinder.").

**B.      Defendants Do Not Meet the Same Transaction, Occurrence, or Series of Transactions or Occurrences Requirement of 35 U.S.C. § 299**

Moreover, in addition to Plaintiff's failure to show that the Defendants sell the "same accused products," the Complaint also falls short of demonstrating a "logical relationship" between Defendants. *See Tang v. The P'ships & Unincorporated Ass'ns identified on Schedule A*, 23 C 4587, at \*3 (N.D. Ill. Jan. 4, 2024) ("Courts typically find that claims against different defendants arise out of the same transaction or occurrence or series of transactions or occurrences when there is a "logical relationship" between them. ").

Plaintiff makes conclusory allegations "on information and belief" that the "[t]actics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their infringing network." (*See* ECF No. 85 at ¶ 12). However, "there is no apparent explanation of the basis for [Plaintiff's] 'information and belief'; a claim that [defendants] have engaged in similar or parallel conduct is not enough." *Oakley, Inc.* 2021 WL 308882 at \*2 (finding that Complaint's

6

unsupported allegations "on information and belief" that Defendants were "interrelated" and "working in active concert" were insufficient to satisfy the same transaction or occurrence requirement of § 299). Thus, Plaintiff's reliance on speculative assertions without factual support fails to establish a proper basis for joinder under the statute.

Furthermore, the Complaint's allegations that each Defendant uses the same accepted payment methods and check-out procedures (*see* ECF No. 85 at ¶ 22) do not support the conclusion that Defendants are part of a network of infringers. *See Tang v. The P'ships & Unincorporated Ass'ns identified on Schedule A*, 23 C 4587, at *4 (N.D. Ill. Jan. 4, 2024) ("Likewise, that the defendants use the same accepted payment and checkout methods and hosting services, R. 1 ¶ 12, is simply a reflection of the fact that they operate stores through Amazon, not an indicator that they are part of a network of infringers. Such "coincidentally identical" facts do not support joinder. *In re EMC*, 677 F.3d at 1359.").

Moreover, Plaintiff's allegations that Defendants offer products at similar prices and use the same text and images (*see* ECF No. 85 at ¶ 22) are insufficient to support joinder. On the contrary, "it would hardly be surprising that multiple, independent sellers of similar products would parrot each other's webpages or match each other's prices." *Id.*; *Pat. Holder Identified in Exhibit 1 v. Does 1-254*, 2021 WL 410661 at *2 (N.D. Ill. Feb. 6, 2021) ("it would not be particularly surprising for multiple sellers to attempt to match other sellers' prices, and it would not be at all surprising for counterfeiters of a product to copy images from the legitimate seller's site or even from other counterfeiters' sites.").

Additionally, the Complaint fails to allege or explain how common questions of fact will arise for all Defendants in this case, as required by 35 U.S.C. § 299(a)(2).

7

While this matter involves multiple sellers of similar accused products, the crux of the issue lies in individual instances of alleged infringement by distinct competitors, not in a coordinated effort of mass infringement. The Moving Defendants sell different products than the other Defendants in this case, and Plaintiff has failed to demonstrate that Defendants are interrelated in any way or that their conduct arises out of the same transaction or occurrence. Consequently, Plaintiff does not meet the requirements for joinder with respect to the Moving Defendants, and the claims against them should not proceed. See *Broadband iTV, Inc. v. Hawaiian Telcom, Inc.*, No. 14-00169 ACK-RLP, 2014 WL 5580967, at *5 (D. Haw. Oct. 30, 2014), the presence of "multiple defendants competing at the same level in the stream of commerce-for example, two defendants both manufacturing accused products who are competitors and not acting in concert-would result in misjoinder under § 299 because they would not satisfy the same transaction or occurrence requirement."

This case cannot proceed against the Moving Defendants because they do not sell the same products as the other Defendants, nor are they connected by the same transaction or occurrence. Accordingly, the Moving Defendants should be dismissed based on misjoinder. *LG Elecs., Inc. v. Partnerships & Unincorporated Associations Identified in Schedule A*, 2021 WL 5742389 at *4 (N.D. Ill. Dec. 2, 2021) (dismissing defendants in a patent case based on misjoinder); *Tang* 2024 WL 68332 at *3.

### III.    CONCLUSION

Plaintiff has failed to properly join the Moving Defendants in this action in accordance with 35 U.S.C. § 299. The Moving Defendants do not sell the same products as the other Defendants, nor are they connected through the same transaction or occurrence. In light of the

foregoing, the Moving Defendants respectfully request that this Court dismiss the case in its entirety against the Moving Defendants for misjoinder.

Dated： August 15, 2024

Respectfully Submitted,

*/s/ Qianwu Yang*
Qianwu Yang
yang@shm.law
Yi Yi
yi.yi@shm.law
SHM LAW FIRM
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737

*Counsel for Defendants, Yarrashop Direct and Luxsure-US*

9

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I electronically filed the foregoing **Amended Emergency Motion to Dismiss for Improper Joinder** with the Clerk of Court using the CM/ECF system, which will send notification of such filings to all counsel of record.

Dated: August 15, 2024

/s/ Yi Yi

Yi Yi