IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Pathway IP LLC,<br><br>        Plaintiff,<br><br>v.<br><br>The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on the Attached Schedule A,<br>        Defendants. | Case No. 1:24-cv-05218<br><br>**Judge Franklin U. Valderrama**<br><br>**Magistrate Judge Jeffrey T. Gilbert**<br><br>JURY TRIAL DEMAND |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rules of Civil Procedure 26(c)(1) and 45(d)(3), Plaintiff Pathway IP LLC respectfully moves this Court for a protective order against premature and unauthorized discovery issued by certain Defendants and for an order quashing premature and unauthorized subpoenas issued by those same Defendants. Specifically, certain Defendants (identified below) have purported to issue expedited discovery and third-party subpoenas before the Parties have held a Rule 26(f) conference and without authorization from the Court. Because Rule 26 does not authorize discovery from any source without leave of Court until a Rule 26(f) conference has been held, and further because the discovery requests and subpoenas are outside of the scope of previously authorized expedited discovery, the propounded discovery and subpoenas are unauthorized. A protective order should be entered confirming that Plaintiff need not respond to the purported expedited discovery and the third-party subpoenas should be quashed.

**STATEMENT REGARDING EFFORTS TO MEET AND CONFER**

Given the accelerated response deadline asserted in the subject discovery requests (which

1

is discussed in more detail below), Pathway has been unable to formally confer with the Neewer Group Defendants (defined below). However, pursuant to LR 37.2, Pathway sent a letter to the Neewer Group Defendants on August 19, 2024 outlining the issues with the subject discovery and asking the Neewer Group Defendants to confirm they would withdraw the discovery.

In the event the Neewer Group Defendants were unwilling to withdraw the discovery, Pathway provided its availability to meet and confer during the morning of August 20, 2024. While the response period and available window to confer were narrow, those timelines were necessitated by the Neewer Group Defendants' discovery requests and the accelerated timeline set in those requests. In particular, Pathway needed time to review the requests, discuss them with counsel, review available options, and outline the serious flaws with the discovery in advance of sending the letter to the Neewer Group Defendants. Likewise, Pathway could not wait to provide additional time to confer, or repeatedly follow up with the Neewer Group Defendants, because it needed time to prepare this Motion.

As of the filing of this Motion, the Neewer Group Defendants have not responded to Pathway's letter. Consequently, despite reasonable efforts by Pathway, the Parties have been unable to confer on the topics of this Motion. As outlined above, however, the inability to confer was not due to the fault of Pathway or its counsel.

**I.     The Discovery Issued by Defendants**

Defendants **No. 7** VividNWUS (SID A2O3R3UCISWL4M), **No. 8** XingBoom (SID A3D1N8C7CDOTVA), **No. 9** ShutterLight (SID A1L85FSSAIJDMJ), **No. 10** HiFocusiUS (SID A3VCR7ULIQW54W), **No. 11** ShiQiaoShang (SID AJY4P6899LZIE), **No. 12** Jinsnow (SID A322B1K7AG4NNU), **No. 13** XuanXiuUS (SID AH6NV5LDS04JR), **No. 14** Photo Guard (SID A1K9376WXWZNFL), **No. 50** Lixinshunyi (SID A31FQ62WYI7EY9), **No. 58** catchpiccus (SID

AUOXPLWF195VR), **No. 75** QiHuichang (SID A28UJHQNAD0UAY), **No. 76** RUIHOTOR (SID ACPRUGTL8V98A), and **No. 77** iphotoxx (SID A246A0QP2DML5W) (collectively, the "Neewer Group Defendants") are all accused of the same acts of infringement and represented by the same counsel. On Tuesday August 13, 2024, the Neewer Group Defendants purported to serve the following discovery documents:

- Second Set of Interrogatories to Plaintiff (attached as Exhibit A)

- Second Set of Requests for Production to Plaintiff (attached as Exhibit B)

- Notice of Rule 30(b)(6) Deposition of Pathway IP LLC (attached as Exhibit C)

- Notice of Deposition of Sason Gaby [sic][1] (attached as Exhibit D)

- Notice of Subpoenas, which included two subpoena *duces tecums* directed toward third-parties Henry Geddes and Glowzi, LLC (attached as Exhibit E)

The interrogatories and requests for production are identified as second sets because the Neewer Group Defendants previously issued first sets of interrogatories and requests for production to Pathway. Those previous discovery requests were issued pursuant to the Court's July 24, 2024 Order, which authorized limited expedited discovery regarding:

> (i) each product sold by Plaintiff that Plaintiff contends embodies any of the claimed invention(s) of the Asserted Patent ("Patented Product");
> (ii) the date each Patented Product was first sold by Plaintiff in the United States;
> (iii) the dollar and unit volume of sales of each Patented Product in the United States on a monthly or annual basis, as appropriate; and
> (iv) the steps Plaintiff took to mark each Patented Product with the statutory notice required by 35 U.S.C. § 287.

Dkt. 47.

The Neewer Group Defendants issued their first sets of interrogatories and requests for

---

[1] Plainitff's CEO's name is spelled "Sason Gabay."

3

production to Pathway on July 24, 2024 and Pathway responded to those interrogatories and requests for production on July 26, 2024[2]. The Court's July 24, 2026 Order (Dkt. 47) was not a general authorization for early and expedited discovery. Rather, the Order was specifically limited to issues relevant to the then-pending questions regarding injunctive relief. Likewise, the Court's July 24, 2024 Order did not contain any authorization for early or expedited third-party discovery, did not override other discovery limitations contained in the Federal Rules, and did not excuse the Neewer Group Defendants from other discovery requirements, such as notice to all parties. *Id.*

## II. Relevant Rules

Federal Rule of Civil Procedure 26 contains several limitations and requirements relating to discovery. As relevant to this Motion, Rule 26(d)(1) states that "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Meanwhile, if properly served, a party generally has 30 days to respond to any discovery request, unless the parties agree to, or the court orders, a shorter period. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2).

Rule 30 governs depositions and requires, in relevant part, that a party obtain leave of court whenever it seeks to hold a deposition before the time specified by Rule 26(d)(1), *i.e.*, when the deposition is noticed before the parties have held their Rule 26(f) conference[3]. Fed. R. Civ. P.

---

[2] Pathway voluntarily accelerated its response deadline to ensure compliance with the Court's Order (Dkt. 47), which required Pathway to respond to the discovery requests by the earlier of July 30, 2024 or 48 hours before a deadline to respond to any motion to extend the then-operative TRO. Ultimately, the justification for the earlier discovery in these first sets was mooted because the Court declined to extend the TRO as to the Neewer Group Defendants on July 26, 2024 (Dkt. 54) and the Neewer Group Defendants were excluded from Pathway's Motion for Preliminary Injunction (Dkt. 68 and 69).

[3] There is an exception, not applicable here, that permits an early deposition without leave of court

30(a)(2)(A)(iii). Rule 30 also creates the general presumption that a witness may only be deposed once in a case. The presumption is demonstrated by the need for leave of court whenever a party seeks to depose a witness who has already been deposed in the case. Fed. R. Civ. P. 30(a)(2)(A)(ii). Relatedly, Rule 30(b)(1) requires that a party seeking to depose a person provide written notice to "every other party." This requirement is related to the presumption against multiple depositions and is necessary to ensure that other parties are given the opportunity to examine a deponent during their single permitted deposition.

Finally, Rule 45 governs subpoenas issued to third parties. As relevant to this Motion, Rule 45(b)(4) requires that any party issuing a subpoena *duces tecum* provide notice to "each party" before the subpoena is served on the person to whom it is directed.

## III. Argument

<u>The Discovery Request are Premature under Rule 26</u>

Each of the discovery documents served by the Neewer Group Defendants on August 13, 2024 is improper as premature because the Parties have not yet held their Rule 26(f) conference. Most recently, the Court extended the deadline for the Parties to meet and confer pursuant to Rule 26(f) and 16(c) to provide time for additional parties to appear after service was completed on August 6, 2024. *See* Dkt. 78 (Motion to Reset Deadline) and Dkt. 80 (Order granting Motion). The current deadline for the Parties to confer and issue the Proposed Rule 16 Order is September 6, 2024. Dkt. 80. While Plaintiff has circulated an initial draft of a Rule 26(f) Report to help facilitate discussion during an upcoming conference, the Parties have not yet conferred pursuant to Rule 26(f). Thus, pursuant to Rule 26(d)(1), the Parties are not permitted to take discovery "from any

---

if the party seeking to take the deposition provides certification in the notice that the deponent is expected to leave the United States and thus be unavailable for deposition later.

5

source" without a stipulation or court order. Pathway has not stipulated to any of the propounded discovery and the Neewer Group Defendants have neither sought nor obtained a court order governing the proposed discovery.

<u>There is No Justification for Expedited Response Deadlines</u>

"Expedited discovery is 'not the norm.'" *Hard Drive Prods. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012) (quoting *Merrill Lynch Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000)).

The discovery requests served by the Neewer Group Defendants also purport to require responses within seven days. *See* Exhibit A, p. 1 and Exhibit B, p. 1. Again, Pathway has not agreed or stipulated to a shorter deadline to respond to these discovery requests and the Neewer Group Defendants have neither sought nor obtained a court order shortening the deadline to respond under Rule 33 and 34. Further, there is no justification for shortening the deadline to respond to these, or any other, discovery requests served by the Neewer Group Defendants at this time. There are currently no pending motions relating to the Neewer Group Defendants (save this one) and thus no particular need for expediency. The Neewer Group Defendants' previous motions to dissolve or modify the temporary restraining order (Dkt. 22, 23, and 44) were mooted by the Parties joint stipulation regarding the asset restraint (Dkt. 35-37) and the Court's Order declining to extend the TRO as to the Neewer Group Defendants (Dkt. 54).

Thereafter, Pathway specifically excluded the Neewer Group Defendants from its motion for a preliminary injunction (Dkt. 68, 69). In ruling on the motion for preliminary injunction, the Court separated Defendants into three groups: 1) Defendants who have appeared and placed a stipulated bond with the Court; 2) Defendants who have appeared but have not placed a bond with the Court; and 3) Defendants who have not appeared. Dkt. 99. The Court only entered the

preliminary injunction as to Group 3 (non-appearing Defendants). *See* Dkt. 99 and 100. The Court further set a briefing schedule governing Group 2 (Defendants who have appeared but have not placed a bond). *See* Dkt. 99. The Neewer Group Defendants are in Group 1 because they have appeared and have placed a stipulated bond with the Court. The Court has specifically excluded such Defendants from the entered preliminary injunction and the briefing schedule. *Id.* Consequently, there are no currently pending motions from the Neewer Group Defendants and no currently pending motions from Pathway directed toward the Neewer Group Defendants. Thus, there is no need for expedited discovery even if the Neewer Group Defendants discovery documents were properly served.

<u>The Deposition Notices Should be Quashed</u>

In addition to the interrogatories and requests for production, the Neewer Group Defendants served notices of deposition to Sason Gabay and Pathway (pursuant to Rule 30(b)(6)). The notices of deposition are improper for the same reasons as outlined above. Namely, the Neewer Group Defendants lack authority to seek discovery "from any source" at this point in the case because the Parties have not yet held their Rule 26(f) conference and there are no pending motions relating to the Neewer Group Defendants that would warrant early discovery. *See* Fed. R. Civ. P. 26(d)(1). Likewise, the notices of deposition are also improper because the Neewer Group Defendants have failed to provide notice to all parties. Rule 30(b)(1) requires that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." The Neewer Group Defendants failed to provide notice of their proposed deposition to any of the other Defendants. As a result, other Defendants have not been afforded the opportunity to consider whether they wish to attend the depositions and present their own questions to the deponents. This is likely to result in other Defendants seeking to depose Mr. Gabay and Pathway

and potentially forcing the witnesses to attend multiple depositions, which is cautioned against by Rule 30's requirement that leave of court be obtained whenever a party seeks to depose a witness who has already been deposed in the case.

Further, the depositions notices are improper because they purport to limit the depositions and reserve the "right" to call the witnesses for further depositions. *See* Exhibit C at p. 2 (asserting that the deposition "is noticed for the purposes of Defendants' motion for sanctions, and will be taken, without prejudice to Defendants' right to depose Plaintiff in the future.") and Exhibit D at p. 2 (same assertion). Again, no such "right" exists. Rather, Rule 30 specifically requires a party to obtain leave of Court or a stipulation before taking the deposition of a deponent who has already been deposed in the case. Fed. R. Civ. P. 30(a)(2)(A)(ii).

In other words, the Neewer Group Defendants specifically intend to inflict unnecessary burden and expense upon Plaintiff by forcing Mr. Gabay and Pathway to sit for multiple depositions just for the Neewer Group Defendants, let alone any additional depositions necessitated by the Neewer Group Defendants' failure to provide proper notice to all Parties.

Finally, the deposition notices unilaterally set the depositions for Mr. Gabay and Pathway to occur on Thursday and Friday, August 22 and 23. *See* Exhibit C and D. Those dates are just nine and ten calendar days after the notices were served. Neither time frame provides sufficient notice to Pathway, particularly as to the Rule 30(b)(6) deposition which requires Pathway to prepare a witness and negotiate topics for examination with the Neewer Group Defendants. *See* Fed. R. Civ. P. 30(b)(6).

<u>The Third-Party Subpoenas Should be Quashed</u>

As noted above, the Neewer Group Defendants also served a notice indicating that they intended to serve subpoenas on two respondents: Henry Geddes and Glowzi, LLC. *See* Exhibit E.

Pathway understands that the Neewer Group Defendants have since served both subpoenas. While Mr. Geddes and Glowzi are each third parties, Pathway has an interest in ensuring the orderly administration of discovery, and thus standing to challenge the subpoenas. Moreover, the subpoenas in question call for, among other things, communications with Pathway (including private negotiations) and agreements with Pathway. *Id.* at pp. 11 and 19. Thus, the subpoenas implicate Pathways "legitimate interests" in its private communications and documents. *See e.g.*, *Bishop v. White*, No. 16-C-6040, 2020 U.S. Dist. LEXIS 194073, at *10-11 (N.D. Ill. Oct. 20, 2020) ("Plaintiff need only show a minimal privacy interest to demonstrate standing, as Plaintiff must only establish enough of a privacy interest to invoke the Court's discretionary authority to control discovery in a civil case."). Here, the privacy interest in Pathway's private communications, negotiations, and contracts is sufficient to invoke the Court's discretionary authority, particularly in view of the facial improper nature of all of discovery propounded by the Neewer Group Defendants.

Permitting the Neewer Group Defendants to enforce the subpoenas attached to the Notice at Exhibit E would additionally frustrate the orderly conduct of discovery for several reasons. First, it does not appear that the Neewer Group Defendants provided any notice to any of the other Defendants that it intended to serve the subject subpoenas. To the extent the Neewer Group Defendants have not provided notice to all parties, the service of the subpoenas was a violation of Fed. R. Civ. P. 45(a)(4) which states: "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena **must be served on each party**." (emphasis added). The requirement to provide advance notice of subpoenas to all parties promotes orderly discovery because it allows such other parties to object

to the subpoena or request additional information from the subpoena recipient at the same time, thereby limiting the burden and expense on the recipient. *See* Committee Notes to 2013 Amendment to Rule 45 ("The amendment moves the notice requirement to a new provision in Rule 45(a) and requires that the notice include a copy of the subpoena. The amendments are intended to achieve the original purpose of enabling the other parties to object or to serve a subpoena for additional materials."). The other Defendants likely also want to obtain information from these third parties and thus should have received notice of the subpoenas to afford them the opportunity to request additional materials beyond what the Neewer Group Defendants were requesting.

Additionally, the subpoenas attached to the Neewer Group Defendants' Notice (Exhibit E) each purported to require responses in Chicago, IL despite being directed to an individual and a company located in Massachusetts and Florida, respectively. *See* Exhibit E at p. 5 and p. 13. Fed. R. Civ. P. 45(c)(2)(A) states that subpoenas for documents, electronically stored information, or tangible things can only command production within 100 miles of where the person resides, is employed, or regularly transacts business in person. There is no indication that either Mr. Geddes or Glowzi, LLC reside, are employed, or regularly conduct business within 100 miles of Chicago. Rather, all indications are that the respondents are significantly remote from Chicago (Wayland, MA is more than 900 miles from Chicago and Delray Beach, FL is more than 1,300 miles from Chicago). Thus, Rule 45(d)(3)(A)(ii) *requires* that these subpoenas be quashed or modified:

> (A) When Required. On timely motion, the court for the district where compliance is required **must** quash or modify a subpoena that:
> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or protected matter, if no exception or waiver applies; or

>    (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A) (emphasis added)

There is no discretion under Rule 45(d)(3)(A); the subpoenas simply cannot be enforced as drafted.

Finally, Rule 45(d)(3) also requires that a subpoena be quashed or modified if it fails to allow a reasonable time to comply. *Id.* Each of the subject subpoenas calls for production within eight calendar days (assuming they were served the same day notice was sent to Pathway, potentially less time if they were not served that day). That is not sufficient time, particularly in view of the complete lack of need for expediency discussed *supra*. Presumably, such accelerated response deadline will exert significant expense and burden on the third parties. As to Pathway, the accelerated response deadline prejudices Pathway (and the other parties) because it provides insufficient time to object to the subpoenas and/or request additional materials from the third parties. As a result, and in combination with the Neewer Group Defendants' failure to provide notice to the other Defendants, it is likely that these third parties will be subjected to multiple rounds of discovery unless the subpoenas are quashed.

For at least these reasons, Pathway asks that the Court quash the subpoenas attached to the Notice served by the Neewer Group Defendants (Exhibit E) and order that they may not be reissued until after the Parties have met and conferred pursuant to Rule 26(f).

**IV.     Conclusion**

As demonstrated above, each of the discovery documents served by the Neewer Group Defendants (including a second set of interrogatories, a second set of requests for production, deposition notices to Sason Gabay and Pathway IP LLC, and a notice of subpoenas directed toward Henry Geddes and Glowzi, LLC) were issued without proper authority. At a minimum, the Neewer

11

Group Defendants lack authority to obtain discovery from any source before the Parties have conferred pursuant to Fed. R. Civ. P. 26(f) without a stipulation or leave of court; neither of which were obtained in this instance. Likewise, each of the discovery documents called for responses, production, or a witness to be provided within an unreasonable time (each being between 7 and 10 calendar days). Because there are no pending motions from the Neewer Group Defendants or directed toward the Neewer Group Defendants, there is no reason that the Neewer Group Defendants cannot obtain discovery according to the normal operation of the Federal Rules (including by waiting until after the Parties' Rule 26(f) conference to issue discovery, allowing a full 30 days to respond to interrogatories or requests for production, and allowing reasonable time after service of a third-party subpoena or deposition notice for the subject individuals or entities to respond). Finally, additional deficiencies, including lack of notice to all parties, warrant entering a protective order striking the Neewer Group Defendants' second set of interrogatories, second set of requests for production, and the deposition notices to Mr. Gabay and Pathway as well as quashing the third party subpoenas.

Dated: August 20, 2024

Respectfully submitted,

/s/Benjamin A. Campbell\_\_\_
Edward L. Bishop
ebishop@bdl-iplaw.com
Nicholas S. Lee
nlee@bdl-iplaw.com
Benjamin A. Campbell
bcampbell@bdl-iplaw.com
Sameeul Haque
shaque@bdl-iplaw.com
BISHOP DIEHL & LEE, LTD.
1475 E. Woodfield Road, Suite 800
Schaumburg, IL 60173
Tel.: (847) 969-9123
Fax: (847) 969-9124

*Counsel for Plaintiff, Pathway IP LLC*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system this August 20, 2024. Any other counsel of record will be served by electronic mail and/or first-class mail.

                                                              /s/ Benjamin A. Campbell
                                                                Benjamin A. Campbell