UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Pathway IP LLC, et al.

                     Plaintiff,

v.

Case No.: 1:24−cv−05218

Honorable Franklin U. Valderrama

The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on the Attached Schedule A, et al.

                     Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, August 21, 2024:

      MINUTE entry before the Honorable Jeffrey T. Gilbert: Plaintiff's Motion for Protective Order [109] is denied without prejudice for failure to comply with Local Rule 37.2. Plaintiff apparently received the discovery requests in question on or about 8/13/24. Those requests sought expedited responses within 7 days, or by 8/20/24. It sent a letter to the Neewer Group of Defendants on 8/19/24, approximately 6 days after service, objecting to the requests and asking for a conference the next morning, 8/20/24. Plaintiff complains that it had not received a response to its letter by the time it filed its Motion [109] on 8/20/24, likely less than 24 hours after the letter was sent. On these facts, which are laid out in Plaintiff's own Motion [109], Plaintiff failed to comply with Local Rule 37.2 which is a basis to strike the Motion. In addition, the parties have been ordered "to file a joint proposed scheduling order appropriate for this case in accordance with Rule 16(b)(2)" by 9/6/24 [47] [80] and they shall do so. If the parties disagree about any aspect of a case management schedule, the parties' filing on 9/6/24 should include the parties' respective positions on those matters. For the avoidance of doubt, that order applies to all parties that have appeared in this case as of the date the scheduling order is filed. In addition, the parties shall meet and confer about that scheduling order in person, by video, or by telephone and not by email or letter. Finally, given the pending entry of a comprehensive case scheduling order, the Court does not, at first look, see a need for the Neewer Group Defendants' request for expedited discovery particularly if they are not directly implicated by the preliminary injunction [99]. Therefore, the Court sua sponte stays the expedited discovery initiated by the Neewer Group Defendants, including third−party subpoenas, until a case management order is entered. The parties should address a response date for the Neewer Group Defendants discovery requests and for any third−party subpoenas in their proposed case schedule. If the Neewer Group Defendants believe they need to press the issue of an expedited response to their discovery requests served on or about 8/13/24, those Defendants promptly should confer with Plaintiff pursuant to Local Rule 37.2 and the issue can be presented to the Court with an

appropriate motion. This case is set for an in−person status hearing on 9/11/24 at 2:00 p.m. in courtroom 1386. Out of town counsel may appear by telephone if they wish to do so with 48 hours advance notice to the Court's courtroom deputy via email. Mailed notice(ber, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.