IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATHWAY IP, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>The Individuals Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint,<br><br>        Defendants. | Civil No.: 1:24-cv-05218<br><br>Honorable Franklin U. Valderrama<br><br>Magistrate Judge Jeffrey T. Gilbert<br><br>**JURY TRIAL DEMANDED** |

## JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY SCHEDULE

Pursuant to Rule 16(b) and 26(f) of the Federal Rules of Civil Procedure and the Court's July 24, 20224 Order (Dkt. 47), Plaintiff Pathway IP, LLC ("Pathway") and certain Appearing Defendants, as identified below, submit the following joint Rule 26(f) report and proposed Rule 16(b) discovery schedule:

**I.      The Nature of the Case**

**A.      Attorneys of Record**

For Plaintiff Pathway IP, LLC, the attorneys of record are:

Edward L. Bishop (lead attorney)
Nicholas S. Lee
Benjamin A. Campbell
Sameeul Haque
ebishop@bdl-iplaw.com
nlee@bdl-iplaw.com
bcampbell@bdl-iplaw.com
shaque@bdl-iplaw.com
Bishop Diehl & Lee, Ltd.
1475 E. Woodfield Rd.
Suite 800
Schaumburg, IL 60047

-and-

Brian J. Sodikoff
brian-sodikoff@katten.com
Katten Muchin Rosenman, LLP
525 W. Monroe Street
Chicago, IL 60661

"Appearing Defendants" are represented by the following attorneys of record:

For Defendant No. 7 – VividNWUS (Amazon Seller ID A2O3R3UCISWL4M); Defendant No. 8 – XingBoom (Amazon Seller ID A3D1N8C7CDOTVA); Defendant No. 9 – ShutterLight (Amazon Seller ID A1L85FSSAIJDMJ); Defendant No. 10 – HiFocusiUS (Amazon Seller ID A3VCR7ULIQW54W); Defendant No. 11 – ShiQiaoShang (Amazon Seller ID AJY4P6899LZIE); Defendant No. 12 – Jinsnow (Amazon Seller ID A322B1K7AG4NNU); Defendant No. 13 – XuanXiuUS (Amazon Seller ID AH6NV5LDS04JR); Defendant No. 14 – Photo Guard (Amazon Seller ID A1K9376WXWZNFL); Defendant No. 50 – Lixinshunyi (Amazon Seller ID A31FQ62WYI7EY9); Defendant No. 58 – catchpiccus (Amazon Seller ID AUOXPLWF195VR); Defendant No. 75 – QiHuichang (Amazon Seller ID A28UJHQNAD0UAY); Defendant No. 76 – RUIHOTOR (Amazon Seller ID ACPRUGTL8V98A); and Defendant No. 77 – iphotoxx (Amazon Seller ID A246A0QP2DML5W), collectively the "Neewer Group Defendants," the attorneys of record are:

Cameron M. Nelson
Jacqueline V. Brousseau
Jonathan D. Ball
Giancarlo L. Scaccia
nelsonc@gtlaw.com
brousseauj@gtlaw.com
ballj@gtlaw.com
scacciag@gtlaw.com
Greenberg Traurig, LLP
77 West Wacker Dr.
Suite 3100
Chicago, IL 60601

-and-

Ping Gu
guping@zhonglun.com
Zhong Lun
28 Liberty Street
Suite 3050
New York, NY 10005

For Defendant No. 17 – Sensyne; Defendant No. 26 – Wanfaau; Defendant No. 28 – Herrfilk; Defendant No. 40 – STALLY; Defendant No. 42 – XITENG TECH; Defendant No. 49

– Blights; Defendant No. 66 – Vlogging US; Defendant No. 68 – WisaKey US; and Defendant No. 69 – EESTOREAMZ, the attorney of record is:

>    Timothy T. Wang
>    twang@nilawfirm.com
>    Ni, Wang & Massand PLLC
>    8140 Walnut Hill Ln., Ste 615
>    Dallas, TX 75231

For Defendant No. 1 – Legee Tech, Defendant No. 5 – BONFOTO, Defendant No. 15 – PANYINYING, Defendant No. 16 – Qirui-US, Defendant No. 48 – iphoto digit, Defendant No. 53 – Lanyuantai, Defendant No. 57 – Pixel Lighting, Defendant No. 61 – AMTLJ-US, Defendant No. 65 – Auriani-US, Defendant No. 72 – CY Direct US, and Defendant No. 79 – NovoNost-us, collectively, the "TDR Defendants," the attorney of record is:

>    Daniel I. Konieczny
>    dkonieczny@tdrlaw.com
>    Tabet DiVito & Rothstein LLC
>    209 S. LaSalle St., 7th Floor
>    Chicago, IL 60604

For Defendant No. 62 – Jian jin Company, the attorney of record is:

>    Pete Wolfgram
>    pwolfgram@stratumlaw.com
>    Startum Law, LLC
>    2424 E. York St. Ste. 223
>    Philadelphia, PA 19125

For Defendant No. 25 – Kaiess Store and Defendant No. 74 – Weilisi, the attorney of record is:

>    Zhi (Teddy) Gong
>    zg2125@caa.columbia.edu
>    Law Office of Theodore Gong, P.A.
>    2136 Ford Parkway
>    St. Paul, MN 55116

For Defendant No. 4 – ATKTTOP Direct, Defendant No. 43 – Aixiangpai (Amazon), and Defendant No. 81 – Aixiangpai (Walmart) the attorney of record is:

>    Jianyin Liu
>    jamesliulaw@gmail.com
>    Law Offices of James Liu, PLLC
>    9010 SW 25th St. Unit 1
>    Miami, FL 33165

For Defendant No. 2 – Luxsure US and Defendant No. 60 – Yarrashop Direct, the attorneys of record are:

Qianwu Yang
Yi Yi
yang@shm.law
yi.yi@shm.law
SHM Law Firm
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306

For Defendant No. 6 – Unicucp US; Defendant No. 27 – Woputne-US; Defendant No. 41 – Okshopping; and Defendant No. 59 – Bekada, the attorney of record is:

Jeffrey E. Schiller
schiller@gtv-ip.com
Grogan, Tuccilo & Vanderleeden. LP
35 East Wacker Drive; Suite 650
Chicago, IL 60601

Defendants No. 21, 22, 33, 45, 46, 51, 55, 56, and 78 have previously been dismissed. All other Defendants have yet to appear.

## B.     Basis for Federal Jurisdiction

This Court has exclusive jurisdiction over Plaintiff's patent infringement claim pursuant to 28 U.S.C. § 1338(a). This Court also has original jurisdiction over Plaintiff's unfair competition claim pursuant to 15 U.S.C. § 1121 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Because the Court has original jurisdiction over Plaintiff's claims, the Court also has jurisdiction over the counterclaims filed by various Appearing Defendants.

## C.     Nature of the Claims

This case involves a claim for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271. Specifically, Plaintiff has asserted that the Defendants' acts of using, manufacturing, selling, and offering for sale, importing, or distributing of certain "ring light" devices as described in the Complaint and its attachments infringe at least one claim

of U.S. Patent No. 7,841,729 ("the '729 Patent"), which Pathway owns by way of assignment. Plaintiff has also brought claims for unfair competition under the Lanham Act and state law as well as unjust enrichment under state law. Those claims arise from Plaintiff's assertions regarding Defendants' acts of infringement and efforts to evade U.S. Patent Law.

The Appearing Defendants have brought various counterclaims seeking declaratory judgments of invalidity and non-infringement of the '729 Patent as well as abuse of process, unfair competition, tortious interference, and design patent infringement.

### D.    Major Legal and Factual Issues

The major factual and legal issues in the case are infringement, validity, and damages. Infringement is a two-part analysis. First, the claims are construed as a matter of law. Second, the claims as properly construed must be applied to the ring light devices. This is an issue of fact. Validity similarly compares the properly construed claim against any asserted prior art to determine if the claims of the '729 Patent are novel and nonobvious.

With respect to damages, if the patents are valid and are proven infringed, the principal issue is the amount of damages that are adequate to compensate Pathway for the infringement that has occurred. This, too, is an issue of fact, and will require discovery from Plaintiff, Defendants, and third parties relating to damages.

Several Appearing Defendants have filed motions to dismiss for failure to state a claim in lieu of answering the Complaint. Judge Valderrama has set briefing schedules on these motions.

The Appearing Defendants who have answered the Complaint have asserted affirmative defenses of non-infringement, invalidity or unenforceability, denial of costs under 35 U.S.C. § 288, lack of exceptionality, failure to mark, waiver, laches, estoppel, prosecution history estoppel, and denial of injunctive relief. Further, many, if not all, of Defendants have challenged the sufficiency of Plaintiff's pre-filing investigation and complaint, and these challenges raise

substantial legal and discovery issued which will need to be addressed promptly. Defendants will require discovery from Pathway regarding extent of its prefiling investigation, the veracity of the allegations in its verified complaint and the supporting declarations, the real party in interest in this case, and the counterclaims and affirmative defenses. Invalidity of an issued patent must be shown by clear and convincing evidence.

The parties may additionally require discovery from currently unknown third parties.

### E. Relief Sought.

As set forth in 35 U.S.C. § 284, Pathway seeks monetary damages that are at least "adequate to compensate for the infringement, but in no event less than a reasonable royalty" for the use made of the invention by the infringer, including an award of enhanced damages up to three times the amount found or assessed, together with interest and costs and pre- and post-judgment interest as fixed by the court.

In addition, in accordance with 35 U.S.C. § 283, Plaintiff seeks injunctive relief against Defendants and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them. On August 15, 2024, the Court entered a preliminary injunction against all Defendants who had not previously appeared. Dkt. 99, 100. Briefing regarding an injunction as to certain Defendants is addressed in the Pending Motions section below. Additionally, certain Defendants have reached agreements with Pathway to place bonds with the Court in lieu of a temporary restraining order or injunction containing an asset restraint. Those bonds have been lodged with the Court.

Defendants reserve the right to seek reasonable legal fees and costs against the Plaintiff on several grounds, as well as to recover for damages incurred as a result of the imposition of the Temporary Restraining Order (now expired) and/or preliminary injunctive relief.

## II. Pending Motions and Case Plan

### A. Pending Motions

Plaintiff's Motion for Preliminary Injunction (Dkt. 68 and 69) remains pending as to Appearing Defendants who have not placed a bond with the Court and has been granted as to Defendants who had not appeared as of August 15, 2024. *See* Dkt. 99 and 100. The following Defendants have filed responses to the Motion for Preliminary Injunction:

- Defendant No. 25 – Kaiess Store and Defendant No. 74 – Weilisi (Dkt. 88)

- Defendant No. 43 – Aixiangpai (Dkt. 91)

- Defendant No. 1 – Legee Tech, Defendant No. 5 – BONFOTO, Defendant No. 15 – PANYINYING, Defendant No. 16 – Qirui-US, Defendant No. 48 – iphoto digit, Defendant No. 53 – Lanyuantai, Defendant No. 57 – Pixel Lighting, Defendant No. 61 – AMTLJ-US, Defendant No. 65 – Auriani-US, Defendant No. 72 – CY Direct US, and Defendant No. 79 – NovoNost-us (Dkt. 134).

- Defendant No. 2 – Luxsure-US and Defendant No. 60 – Yarrashop (Dkt. 137).

- Defendant No. 6 – Unicucp US; Defendant No. 27 – Woputne-US; Defendant No. 41 – Okshopping (Dkt. 132)

- Defendant No. 17 – Sensyne; Defendant No. 26 – Wanfaau; Defendant No. 28 – Herrfilk; Defendant No. 40 – STALLY; Defendant No. 42 – XITENG TECH; Defendant No. 49 – Blights; Defendant No. 66 – Vlogging US; Defendant No. 68 – WisaKey US; and Defendant No. 69 – EESTOREAMZ (Dkt. 133).

Plaintiff's reply in support of its motion for an injunction against the above-listed Defendants is due on or before September 13, 2024. *See* Dkt. 99.

Additionally, the following Motions have been filed by one or more of the Appearing Defendants:

- ATKTTOP Direct Motion to Dissolve Preliminary Injunction (Dkt. 104)

- o Opposition due September 10, 2024 (Dkt. 148)

  - o Reply due September 17, 2024 (Dkt. 148)

- Amended Emergency motion to Dismiss for Improper Joinder filed by Defendant No. 2 – Luxsure-US and Defendant No. 60 – Yarrashop Direct (Dkt. 105)

  - o Opposition filed at Dkt. 115.

  - o Reply filed at Dkt. 142.

- Motion to Dismiss for Misjoinder filed by Defendant No. 4 – ATKTTOP Direct, Defendant No. 43 – Aixiangpai (Amazon), and Defendant No. 81 – Aixiangpai (Walmart) (Dk. 111) and Motion to Dismiss for Lack of Jurisdiction filed by same Defendants (Dkt. 116)

  - o Combined Opposition due September 18, 2024 (Dkt. 126)

  - o Reply due October 2, 2024 (Dkt. 126)

- Motion to Dismiss for Failure to State a Claim or for Misjoinder filed by Defendant No. 1 – Legee Tech, Defendant No. 5 – BONFOTO, Defendant No. 15 – PANYINYING, Defendant No. 16 – Qirui–US, Defendant No. 48 – iphoto digit, Defendant No. 53 – Lanyuantai, Defendant No. 57 – Pixel Lighting, Defendant No. 61 – AMTLJ–US, Defendant No. 65 – Auriani–US, Defendant No. 72 – CY Direct US, and Defendant No. 79 – NovoNost–us (Dkt. 124)

  - o Opposition due September 18, 2024 (Dkt. 127)

  - o Reply due October 2, 2024 (Dkt. 127)

- Motion to Dismiss for Failure to State a Claim and Improper Joinder filed by Defendant No. Kaiess Store and Defendant No. 74 – Weilisi (Dkt. 140)

  - o Opposition due September 25, 2024 (Dkt. 147)

  - o Reply due October 9, 2024 (Dkt. 147)

### B. Rule 16(b) Discovery Schedule and Proposed Order

The Parties agree that the Court's Local Patent Rules (L.P.R.) apply to this case. The TDR Defendants and Defendants No. 4, 43, and 81 (represented by the Law Offices of James Liu) and Defendants No. 2 and 60 (represented by SHM Law) propose extending all deadlines beginning with Initial Infringement Contentions by 90 days. Thus, the Parties, with the exception of the TDR Defendants, propose the following deadlines:

| EVENT SCHEDULED | TIME PER LOCAL RULES | DEADLINE | Ext. Schedule Proposed by TDR Def.s and Defs. 2, 4, 43, 60, and 81 |
|---|---|---|---|
| Plaintiff to Complete Service of Process on All Defendants | N/A | Completed on 8/6/2024 | Completed on 8/6/2024 |
| Answer or Other Response To Complaint | 21 days after service (Fed. R. Civ. P. 12(a)(1)(A)(i)) | 8/27/2024 | 8/27/2024 |
| Plaintiff to Answer Counterclaims | 21 days after service of Counterclaims (Fed. R. Civ. P. 12(a)(1)(B)) | 9/17/2024 (for timely filed counterclaims); 9/20/2024 (for the untimely counterclaims filed at Dkt. 129) | 9/17/2024 (for timely filed counterclaims); 9/20/2024 (for the untimely counterclaims filed at Dkt. 129) |
| Initial Disclosures of Both Parties (LPR 2.1) | 14 days (2 weeks) after Response to Counterclaims | 10/4/2024 | 10/4/2024 |
| Initial Infringement Contentions (LPR 2.2) | 14 days (2 weeks) after Initial Disclosures | 10/18/2024 | 1/16/2025 |
| Initial Non-Infringement and Invalidity Contentions 14 days (LPR 2.3) | 14 days (2 weeks) after Initial Infringement Contentions | 11/1/2024 | 1/30/2025 |
| Initial Response To Invalidity Contentions (LPR 2.5) | 14 days (2 weeks) after Initial Invalidity Contentions | 11/15/2024 | 2/13/2025 |
| Reduction of Patent Claims (LPR 3.1) | 19 weeks after Initial Infringement Contentions | 2/28/2025 | 5/29/2025 |

| EVENT SCHEDULED | TIME PER LOCAL RULES | DEADLINE | Ext. Schedule Proposed by TDR Def.s and Defs. 2, 4, 43, 60, and 81 |
|---|---|---|---|
| Final Infringement, Unenforceability, and Invalidity Contentions (LPR 3.1) | 21 weeks after Initial Infringement Contentions | 3/14/2025 | 6/12/2025 |
| Final Non-Infringement, Enforceability, and Validity Contentions (LPR 3.2) | 28 days (4 weeks) after service of Final Infringement Contentions | 4/11/2025 | 7/10/2025 |
| Exchange of Claim Terms Needing Construction (LPR 4.1) | 14 days (2 weeks) after Final Validity Contentions | 4/25/2025 | 7/24/2025 |
| Close of Fact Discovery – Part 1 (LPR 1.3) | 28 days (4 weeks) after the date for exchange of claim terms and phrases under LPR 4.1 | 5/23/2025 | 8/21/2025 |
| Opening Claim Construction Brief (by alleged infringer) (LPR 4.2(a)) | 35 days (5 weeks) after exchange of claim terms | 5/30/2025 | 8/28/2025 |
| Responsive Claim Construction Brief (by patent infringement asserter) (LPR 4.2(c)) | 28 days (4 weeks) after Opening Claim Construction Brief | 6/27/2025 | 9/25/2025 |
| Reply Claim Construction Brief (LPR 4.2(d)) | 14 days (2 weeks) after Responsive Claim Construction Brief | 7/11/2025 | 10/9/2025 |
| Joint Claim Construction Chart | 7 days (1 week) after Reply Claim Construction Brief | 7/18/2025 | 10/16/2025 |
| Claim Construction Hearing (LPR 4.3) | To be determined by the Court | Per the Court | Per the Court |
| Claim Construction Ruling (nominal) | To be determined by the Court | Per the Court | Per the Court |
| Discovery re Opinions of Counsel (LPR 3.6) | 35 days (5 weeks) before final close of fact discovery | 35 days (5 weeks) before final close of fact discovery | 35 days (5 weeks) before final close of fact discovery |

| EVENT SCHEDULED | TIME PER LOCAL RULES | DEADLINE | Ext. Schedule Proposed by TDR Def.s and Defs. 2, 4, 43, 60, and 81 |
|---|---|---|---|
| Close of Fact Discovery | 42 days (6 weeks) after Claim Const. Ruling | 42 days (6 weeks) after Claim Const. Ruling | 42 days (6 weeks) after Claim Const. Ruling |
| Expert Reports of Parties with Burden of Proof (LPR 5.1(b)) | 21 days (3 weeks) after close of discovery | 21 days (3 weeks) after close of discovery | 21 days (3 weeks) after close of discovery |
| Rebuttal Expert Reports (LPR 5.1(c)) | 35 days (5 weeks) after initial expert reports | 35 days (5 weeks) after initial expert reports | 35 days (5 weeks) after initial expert reports |
| Completion of Expert Witness Depositions (LPR 5.2) | 35 days (5 weeks) after rebuttal expert reports | 35 days (5 weeks) after rebuttal expert reports | 35 days (5 weeks) after rebuttal expert reports |
| Final Day for Filing Dispositive Motions (LPR 6.1) | 28 days (4 weeks) after close of all discovery | 28 days (4 weeks) after close of all discovery | 28 days (4 weeks) after close of all discovery |

Pursuant to the Court's July 24, 2024 Order, the Parties attach a proposed Rule 16(b) Scheduling Order that incorporates the discovery schedule above and addresses the additional deadlines set forth in Rule 16.

## C. Discovery Plan

The Parties do not foresee any issues regarding preservation of evidence or electronically stored information and do not propose any modifications to the timing, form, or requirements for disclosures under Fed. R. Civ. P. 26(a). The Parties agree that the standard Protective Order attached as Appendix B to the Court's Local Patent Rules shall apply to disclosure and use of Confidential and Highly Confidential information and material produced in this case. Pursuant to the Court's Local Patent Rules Protective Order, any claim of privilege regarding previously produced material shall be handled in accordance with Federal Rule of Evidence 502.

### D.      Trial

Plaintiff has requested a jury trial.  Plaintiff anticipates requiring approximately five trial days for its case-in-chief.   Appearing Defendants anticipate requiring at least 31 trial days to present their respective defenses and counterclaims as to each defendant and product at issue.

## III.      Consent to Proceed Before a Magistrate Judge

The parties do not unanimously consent to proceed before a Magistrate Judge for trial.

## IV.      Status of Settlement Discussions

Plaintiff has presented settlement demands to various Defendants and several Defendants have provided initial settlement offers. Plaintiff and Appearing Defendants have been unable to reach an agreement.

Respectfully submitted on September 6, 2024 by:

[Signatures on following pages]

| | |
|---|---|
| /s/ Benjamin A. Campbell<br>Edward L. Bishop<br>Nicholas S. Lee<br>Benjamin A. Campbell<br>Sameeul Haque<br>ebishop@bdl-iplaw.com<br>nlee@bdl-iplaw.com<br>bcampbell@bdl-iplaw.com<br>shaque@bdl-iplaw.com<br>Bishop Diehl & Lee, Ltd.<br>1475 E. Woodfield Rd.<br>Suite 800<br>Schaumburg, IL 60047<br><br>Brian J. Sodikoff<br>brian-sodikoff@katten.com<br>Katten Muchin Rosenman, LLP<br>525 W. Monroe Street<br>Chicago, IL 60661<br><br>*Counsel for Plaintiff Pathway IP, LLC* | /s/ *Jacqueline V. Brousseau (with permission)*<br>Cameron M. Nelson<br>Jacqueline V. Brousseau<br>Jonathan D. Ball<br>Giancarlo L. Scaccia<br>nelsonc@gtlaw.com<br>brousseauj@gtlaw.com<br>ballj@gtlaw.com<br>scacciag@gtlaw.com<br>Greenberg Traurig, LLP<br>77 West Wacker Dr.<br>Suite 3100<br>Chicago, IL 60601<br><br>Ping Gu<br>guping@zhonglun.com<br>Zhong Lun<br>28 Liberty Street<br>Suite 3050<br>New York, NY 10005<br><br>*Counsel for Def. No. 7 – VividNWUS; Def. No. 8 – XingBoom; Def. No. 9 – ShutterLight; Def. No. 10 – HiFocusiUS; Def. No. 11 – ShiQiaoShang; Def. No. 12 – Jinsnow; Def. No. 13 – XuanXiuUS; Def. No. 14 – Photo Guard; Def. No. 50 – Lixinshunyi; Def. No. 58 – catchpiccus; Def. No. 75 – QiHuichang; Def. No. 76 – RUIHOTOR; and Def. No. 77 – iphotoxx* |
| | /s/ *Timothy T. Wang (with permission)*<br>Timothy T. Wang<br>twang@nilawfirm.com<br>Ni, Wang & Massand PLLC<br>8140 Walnut Hill Ln., Ste 615<br>Dallas, TX 75231<br><br>*Counsel for Def. No. 17 – Sensyne; Def. No. 26 – Wanfaau; Def. No. 28 – Herrfilk; Def. No. 40 – STALLY; Def. No. 42 – XITENG TECH; Def. No. 66 – Vlogging US; Def. No. 49 – Blights; Def. No. 68 – WisaKey US; and Def. No. 69 – EESTOREAMZ* |

/s/ Daniel I. Konieczny
Daniel I. Konieczny
dkonieczny@tdrlaw.com
Tabet DiVito & Rothstein LLC
209 S. LaSalle St., 7th Floor
Chicago, IL 60604

*Counsel for Def. No. 1 – Legee Tech, Def. No. 5 – BONFOTO, Def. No. 15 – PANYINYING, Def. No. 16 – Qirui-US, Def. No. 48 – iphoto digit, Def. No. 53 – Lanyuantai, Def. No. 57 – Pixel Lighting, Def. No. 61 – AMTLJ-US, Def. No. 65 – Auriani-US, Def. No. 72 – CY Direct US, and Def. No. 79 – NovoNost-us*

/s/ _____
Pete Wolfgram
pwolfgram@stratumlaw.com
Startum Law, LLC
2424 E. York St. Ste. 223
Philadelphia, PA 19125

*Counsel for Def. No. 62 – Jian jin Company*

/s/ *Zhi (Teddy) Gong (with permission)*
Zhi (Teddy) Gong
zg2125@caa.columbia.edu
Law Office of Theodore Gong, P.A.
2136 Ford Parkway
St. Paul, MN 55116

*Counsel for Def. No. 25 – Kaiess Store and Def. No. 74 – Weilisi*

/s/ *Jianyin Liu (with permission)*
Jianyin Liu
jamesliulaw@gmail.com
Law Offices of James Liu, PLLC
9010 SW 25th St. Unit 1
Miami, FL 33165

*Counsel for Def. No. 43 – Aixiangpai*

/s/ *Qianwu Yang (with permission)*
Qianwu Yang
Yi Yi
yang@shm.law
yi.yi@shm.law
SHM Law Firm
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306

*Counsel for Def. No. 2 – Luxsure US and Def. No. 60 – Yarrashop Direct*

/s/ *Jeff Schiller (with permission)*
Jeffrey E. Schiller
schiller@gtv-ip.com
Grogan, Tuccilo & Vanderleeden. LP
35 East Wacker Drive; Suite 650
Chicago, IL 60601

*Counsel for Def. No. 6 – Unicucp US; Def. No. 27 - Woputne-US; and Def. No. 41 – Okshopping*