IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATHWAY IP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> The Individuals Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint, <br><br> Defendants. | Civil No.: 1:24-cv-05218 <br><br> Honorable Franklin U. Valderrama <br><br> Magistrate Judge Jeffrey T. Gilbert <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISSOLVE
PRELIMINARY INJUNCTION AGAINST DEFENDANT ATKTTOP**

On August 15, 2024, the Court entered the current Preliminary Injunction Order against all Defendants who had not appeared, including Defendant #4 – ATKTTOP Direct ("ATTKTOP"). Dkt. 100. ATKTTOP filed the instant Motion seeking to dissolve the preliminary injunction on August 18, 2024. Dkt. 104. ATKTTOP raises several arguments, each of which are based on a misunderstanding or misapplication of fact or law. Principally, ATKTTOP has not shown that it is likely to succeed on either a non-infringement or invalidity defense.

**I.      ATKTTOP Has Not Shown That U.S. Patent No. 7,841,729 is Invalid**

     A.      The Unsupported Definition of "Toroidal"

Claim 1 of the asserted '729 Patent states:

1.      An illuminator device for illuminating one or more users in front of a web camera and a communication terminal comparing:
     a bulb having a toroidal shape for emitting light;
     a reflector having a circular configuration to conform to the toroidal shape of said bulb for projecting the emitted light; and

1

> an arm disposed between said bulb and the terminal for connection to the terminal, wherein said bulb is positionable relative to the web camera to provide optimal viewing of the user through the web camera.

U.S. Patent No. 7,841,729 ("the '729 Patent"), claim 1

The Court has not yet construed any of the terms of the '729 Patent, but ATKTTOP asserts that it cannot infringe the '729 Patent because it lacks a bulb with a "toroidal shape." *See* Dkt. 104 pp. 3-5. ATKTTOP's entire argument is based on a false definition of "toroidal." In particular, ATKTTOP states, without citing any support, that "toroidal shape" means "donut-shaped" and provides the following image:



*See* Dkt. 104, p. 4.

The provided image, however, is a specific type of toroid called a torus, it is not representative of all toroids. The distinction is similar to the difference between a square and a rectangle: all squares are rectangles because a square is a particular form of a rectangle having four equal sides; but not all rectangles are squares. Thus, you cannot use the example of a square to assert that something is not rectangular just because it has unequal sides. Turning back to the toroid vs torus distinction, a toroid is a three-dimensional shape formed by rotating a closed plane curve around a line that is in the same plane as the curve but does not intersect the curve, whereas a torus is a specific type of toroid. *See e.g.*, https://en.wikipedia.org/wiki/Toroid ("The torus is an example of a toroid, which is the surface of a doughnut. Doughnuts are an example of a solid torus created

2

by rotating a disk, and should not be confused with toroids."). Thus, for example, a square toroid is formed by rotating a square about an axis as follows:



Square Axis Example Square Toroid

Again, a torus is a specific type of toroid[1] in which the closed plane curve is a circle, the same way that a square is a specific type of rectangle having equal sides. A toroid with a non-circular cross section is still a toroid despite not being a torus the same way a rectangle having two sides that are longer than the others is still a rectangle despite not being a square. ATKTTOP's Motion then admits that its product has a toroidal shape by acknowledging that it has a half-circle shaped cross-section. *See* Dkt. 104, p. 4. As shown in ATKTTOP's own Motion, the accused ring light has a toroidal shape formed by rotating that half-circle cross section (*i.e.*, a closed plane curve) about the central axis of the ring light to form a toroid that is in the shape of a half torus.

B. The Accused Products Include a Reflector

ATKTTOP's Motion also asserts that its product includes a "dark surrounding material wrapping the circular light source" rather than a "reflector having a circular configuration to conform to the toroidal shape of said bulb" as recited in Claim 1. *See* Dkt. 104, p. 6. For support, ATKTTOP shows the back surface of its ring lights. Again, ATKTTOP's argument is based on a misunderstanding of the facts. As shown on pg. 5 of ATKTTOP's Motion, the accused ring lights have a reflective circular circuit board:

---

[1] In fact, even non-ring-shaped objects can be described as "toroidal." For example, toroidal polyhedrons are three-dimensional objects formed of polygons that meet at their edges and vertices forming a manifold.

3



Dkt. 104, p. 5

As shown above, the reflective board is circular to conform to the toroidal shape of the light. ATKTTOP even advertises the reflective properties: "ATKTTOP iPhone camera stand uses high-cost PMMA lens beads to reflect the light back and forth across the range to produce a softer light that protects your eyes during the creative process. High-quality photography is possible even in dimly lit environments."[2] In other words, the lenses provided in the ATKTTOP accused product redirect the light back toward the reflector to further disperse and soften the light emitted by the ring light as compared to several spotlights created without a reflector.

The rest of ATKTTOP's non-infringement arguments do not actually compare the accused products to the claim language and thus do not support a finding of non-infringement. In particular, ATKTTOP appears to argue that it does not infringe because it purportedly copied its product from U.S. Patent No. 6,454,437 ("the '437 Patent"). Even assuming *arguendo* that the accused products practice the '437 Patent, such an argument does not actually address infringement. The Federal Circuit has long held that "there is no 'practicing the prior art' defense to literal infringement."

---

[2] *See* **Exhibit A** on pg. 2, a printout of ATKTTOP's listing for the accused product at https://www.amazon.com/Overhead-ATKTTOP-Anti-Shaking-Recording-Streaming/dp/B0BGHXR9G1.

4

*Tate Access Floors v. Interface Architectural Res.*, 279 F.3d 1357, 1365 (citing *Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1583 (Fed. Cir. 1995)).

> *Baxter* . . . makes clear that literal infringement is determined by construing the claims and comparing them to the accused device, not by comparing the accused device to the prior art. *Baxter*, 49 F.3d at 1583, 34 U.S.P.Q.2D (BNA) at 1126 ("There is no requirement that the accused device be nonobvious in light of the prior art, or otherwise be itself patentable. Literal infringement exists if each of the limitations of the asserted claim(s) read on, that is, are found in, the accused device.").

*Id.* at 1366 (citation and parenthetical in original).

Thus, ATKTTOP's reliance on prior art teachings in its non-infringement arguments are misplaced. Likewise, ATKTTOP's argument that its product differs from Plaintiff's, without citation to specific claim language purportedly not demonstrated by the accused products, is substantially underdeveloped and nonsensical. *See* Dkt. 104 p. 7 (arguing that "the general structure of Defendant's product are completely different from that of the '729 Patent. '729 Patent used a frame as ground support of the illuminator and Defendant used a metal pad."). The purported "ground support" does not relate to any claim elements of Claim 1. Whether there is a distinction between ATKTTOP's accused product and one of the embodiments shown in a figure of the '729 Patent alone has no bearing on whether the accused product infringes the '729 Patent. Rather, the question is whether the accused products exhibit the elements of one or more claims of the '729 Patent. As shown above, in Plaintiff's First Amended Complaint, and in Plaintiff's Motion for Preliminary Injunction, Plaintiff has met its burden of demonstrating that it has a high likelihood of showing that ATKTTOP's products infringe at least Claim 1 of the '729 Patent.

**II.     ATKTOOP's False Dichotomy of Invalidity or Non-Infringement**

Following its false reliance on prior art within its non-infringement arguments, ATKTTOP attempts to demonstrate that the '729 Patent can either be valid or infringed, but it cannot be both.

*See* Dkt. 104, p. 9 ("Assuming Plaintiff's allegation in the Brief is true, arguendo, that the design of a circuit board as light source with LED infringed '729 Patent. then '729 Patent is invalid, as Defendant's product is identical, if not, similar to that of '437 Patent, which was issued on Sept. 24, 2002, more than one year prior to Jan. 24, 2008, the date of filing the application for '729 Patent."). That is, essentially, the extent of ATKTTOP's purported invalidity argument. Beyond attempting to parse out a different quotation from *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372 (Fed. Cir. 2009), *see* Dkt. 104, p. 7-8, ATKTTOP does not actually explain its invalidity argument. ATKTTOP does not provide a claim chart or explain where any one or more claim elements are taught by the prior art and does not explain any combinations or obviousness readings of the prior art. In other words, ATKTTOP completely fails to demonstrate how it would prove invalidity under the clear and convincing evidence burden. *See Cordance Corp. v. Amazon.com, Inc.*, 658 F.3d 1330, 1337 (Fed. Cir. 2011) ("accused infringers are not free to flout the requirement of proving invalidity by clear and convincing evidence by asserting a practicing the prior art defense to literal infringement under the less stringent preponderance of the evidence standard. Instead, anticipation requires a showing that each element of the claim at issue, properly construed, is found in a single prior art reference.") (internal citations and quotation marks omitted).

      In *Natera, Inc.*, the Federal Circuit noted that a "substantial question of invalidity" requires more than mere conclusory statements of a "mere vulnerability" *See Natera, Inc. v. NeoGenomics, Labs., Inc.*, 106 F.4th 1369, 1376-77 (Fed. Cir. 2024). Here, ATKTTOP seemingly asserts even less than a mere vulnerability standard through what is essentially a "practicing the prior art" false dichotomy of validity or infringement. As noted by the *Natera* Court, an accused infringer needs to present a substantial question of invalidity to evade a preliminary injunction, not mere conclusory statements that a purported prior art reference would invalidate the patent without any

6

explanation for how it teaches or discloses each of the elements of the infringed claim. Again, ATKTTOP does not even present an argument, let alone a claim chart.

In fact, ATKTTOP does not even fully present a "practicing the prior art" style of argument because it does not even fully assert that it practices the prior art. Rather, ATKTTOP argues that its product is merely "similar to that of the '437 Patent." Dkt. 104, p. 9. As the Federal Circuit explained in *Baxter*, there is no requirement that an accused product be nonobvious or patentable over the prior art. *Baxter*, 49 F.3d at 1583. Thus, merely being "similar" to the prior art falls well short of demonstrating a likely invalidity defense or presenting a choice between validity or infringement. Because ATKTTOP has failed to present even a *prima facie* argument of invalidity, its invalidity argument "lacks substantial merit" and the preliminary injunction should be maintained. *See Abbott Labs. v. Sandoz*, 486 F. Supp. 2d 767, 769 (N.D. Ill. 2007).

### III. Irreparable Harm

ATKTTOP's irreparable harm argument begins with two irrelevant and unsupported assertions. First, ATKTTOP asserts that its products do not infringe the '729 patent. As demonstrated above and in Plaintiff's prior filings, this is not true. ATKTTOP's products infringe the '729 Patent and ATKTTOP has failed to present an invalidity or non-infringement argument that has any merit, let alone substantial merit. Next, ATKTTOP asserts, without support, that its products have been available since September 26, 2022, and that Plaintiff has delayed in seeking injunctive relief. As an initial matter, the "Date First Available" is a seller-defined value on an Amazon product listing, just like the identification of the Manufacturer and Country of Origin. Thus, it can be manipulated by a seller and cannot be taken as fact. Notably, ATKTTOP does not present a declaration or the like from a person with knowledge of the listing to testify that the listed date is accurate. Seemingly, the date is not accurate because at least two independent sources show

a significantly more recent date. Camelcamelcamel.com is a website that seeks to inform users about price movements for Amazon.com listings. As such, it regularly captures pricing information for Amazon listings so it can report the highest price, lowest price, and track pricing trends. The page for ATKTTOP's product (as identified by the ASIN, or Amazon Standard Identification Number, for the listing - B0BGHXR9G1) only shows data starting from late January 2023. *See* **Exhibit B**, screenshot captured 9/3/2024. Meanwhile, the Internet Archive's "Wayback Machine" first captured the listing on June 27, 2023. *See* **Exhibit C**, screenshot captured 9/3/2024.

Moreover, even assuming, *arguendo*, that the listing date is accurate, it does not establish that Plaintiff delayed in bringing this suit or seeking injunctive relief because it does not establish that Plaintiff was aware of ATKTTOP's infringement. In each of the cases cited by ATKTTOP, the Plaintiff was aware of the complained of conduct but delayed considerably in bringing suit or seeking injunctive relief. *See e.g.*, *Prison Legal News v. County of Cook*, No. 16-cv-6862, 2016 U.S.s Dist. LEXIS 160780, at *35 (N.D. Ill. Nov. 21, 2016) ("As defendants point out, plaintiff's motion for a preliminary injunction was filed on July 1, 2016, yet plaintiff alleges that defendants have been engaging in impermissible censorship since March 2015.") The acts complained of in *Prison Legal News*; namely, refusing to timely deliver a monthly journal sent to prison inmates, are immediately identifiable. An intended recipient of a monthly journal knows if the journal has been delivered. In stark contrast, Plaintiff cannot reasonably be expected to know every product being sold on Amazon, or elsewhere, and thus cannot have been expected to know about ATKTTOP's infringement in September of 2022 (assuming its self-reported date of availability is accurate). There is simply no evidence that Plaintiff was aware of ATKTTOP or its infringement at any point prior to when Plaintiff prepared and filed its Complaint (and then promptly sought

injunctive relief through a temporary restraining order and then a preliminary injunction). Thus, there has been no delay, let alone substantial delay.

Finally, Plaintiff has thoroughly explained the various forms of irreparable harm it is suffering and will continue to suffer in the absence of a preliminary injunction. For example, Plaintiff noted that it has struggled to gain a foothold in the competitive lighting market because of the rampant infringement of the '729 Patent (which should give Plaintiff exclusionary rights in the field). *See* Dkt. 69, p. 3. Harm such as loss of market share and goodwill of the type described in Plaintiff's brief are "particularly difficult to quantify" and "[d]ifficulty in estimating monetary damages is evidence that remedies at law are inadequate." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 862 (Fed. Cir. 2010); *see also Aria Diagnostics, Inc. v. Sequenom, Inc.*, 726 F.3d 1296, 1304 (Fed. Cir. 2013) (explaining that, under Federal Circuit precedent, "[p]rice erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm."). Likewise, as noted in Plaintiff's Brief, Plaintiff does not typically license out its intellectual property rights and specifically had not licensed the '729 Patent before bringing this suit. Refusing to license a patent and, instead, valuing the exclusionary right is also evidence that harm to the exclusive rights granted by the patent is irreparable and bolsters the irreparable nature of Plaintiff's marketplace-based harms, which stem from that violation of its exclusive rights.

### IV. ATKTTOP Does Not Identify Any Harm to Itself or the Public Stemming from the Properly Issued Injunction

ATKTTOP's arguments regarding balancing of hardships and the public interest are, to the extent they can be understood, mere attorney argument without even assertions of unsupported facts. ATKTTOP merely states that "[w]ithout no infringement [sic], or at least substantial questions raised into the infringement, an injunctive relief as a sharp weapon of the Court, should not be used." Dkt. 104, p. 11. To the extent ATKTTOP is asserting that an injunction should not

9

be entered because it believes it does not infringe, the argument is addressed and disproven above. ATKTTOP then asserts that "[t]he harm caused by the putative injunctive relief should be much more sever toward Defendant and the public interest, without little merit to enter it in the first place, than the tangential one toward Plaintiff." *Id.* Again, to the extent ATKTTOP is arguing that the injunction should be dissolved because it believes it has an invalidity or non-infringement defense, those arguments are addressed and disproven above. As to balancing of harms between Plaintiff and ATKTTOP, ATKTTOP does not identify any hardship at all. Likewise, ATKTTOP does not identify any public interest that is affected by the injunction. The Parties are not selling vaccines or cancer drugs for which there may be a public interest in maintaining availability of an accused product until questions of infringement, or potentially monetary relief, can be addressed. *Contra Hybritech Inc. v. Abbott Labs*, 849 F.2d 1446, 1458 (Fed. Cir. 1998) (affirming District Court's exclusion of certain cancer test kits and hepatitis test kits from scope of injunction because "the public interest is served best by the availability of these kits."). To the extent the public has an interest in purchasing ring lights, the interest is small as these are novelty or luxury items, not necessities. Likewise, the public's interest can be met by purchasing Plaintiff's authorized product instead of the infringing products sold by ATKTTOP and other Defendants. Thus, to the extent ATKTTOP even develops a balancing or public interest argument, it does not weigh against maintaining the preliminary injunction.

**V.     Plaintiff's Lanham Act and State Law Claims Are Valid and Sufficiently Pled**

Finally, ATKTTOP takes issue with Plaintiff's "Consumer Law Count" and asserts that the claim should be dismissed as being "without merit." ATKTTOP appears to be referring to Plaintiff's Lanham Act claim because ATKTTOP refers to 15 U.S.C. § 1125 in its one-paragraph argument. To be clear, however, Plaintiff has also brought claims for Unfair Competition and

Unjust Enrichment under Illinois State Common Law. *See* Dkt. 85, First Amended Complaint, at Counts II-IV. These claims, while similar to Plaintiff's patent infringement claim, address separate liability by Defendants and harm caused to Plaintiff. For example, Plaintiff's First Amended Complaint explains that Defendants, such as ATKTTOP, are unfairly competing and attempting to evade enforcement of U.S. Patent Law by basing their infringement in friendly foreign territories and ignoring enforcement actions. *See e.g.*, *id.* at ¶¶ 40-43. ATKTTOP has filed a separate motion to dismiss, but that motion only asserts that the Court lacks personal jurisdiction over ATKTTOP (and other Defendants). *See* Dkt. 116. ATKTTOP has not filed a motion to dismiss for failure to state a claim or for preemption and its one-paragraph argument in the current motion to vacate the preliminary injunction is undeveloped and should be considered waived. *Argyropoulos v. City of Alton*, 539 F.3d 724, 738 (7th Cir. 2008) ("perfunctory and undeveloped" arguments are waived); *see also Monsanto Co. v. Scruggs*, 459 F.3d 1328, 1341 (Fed. Cir. 2006) (same).

**VI.     Conclusion**

Despite being aware of this action since at least July 18, 2024 – when its corporate representative first reached out to Plaintiff's counsel to attempt or resolve the dispute, or August 9, 2024 – when its counsel first reached out to Plaintiff's counsel to attempt to further discussions; ATKTTOP took no action to appear in this case until after the preliminary injunction was entered. In particular, ATKTTOP did not challenge the previous temporary restraining order (which was entered on July 12, 2024), and did not challenge Plaintiff's request to extent the temporary restraining order (which was extended on July 26, 2024, as to Defendants who had not appeared). Now, after having failed to appear, the Court has entered a preliminary injunction against ATKTTOP. As demonstrated above, ATKTTOP has not shown that the Court erred in entering the preliminary injunction or that any circumstance warrants dissolving it. Rather, ATKTTOP has

11

failed to show that the assert '729 Patent is likely to be held invalid or that ATKTTOP is likely to be found not to infringe. In fact, the only fully developed argument – ATKTTOP's unavailing argument regarding non-infringement – is based on a false definition of an as-yet-unconstrued claim. In other words, all of ATKTTOP's arguments lack substantial merit and the preliminary injunction should remain as to ATKTTOP until a final determination on the merits.

Dated: September 10, 2024          Respectfully submitted,

/s/ Nicholas S. Lee
Edward L. Bishop
ebishop@bdl-iplaw.com
Nicholas S. Lee
nlee@bdl-iplaw.com
Benjamin A. Campbell
bcampbell@bdl-iplaw.com
Sameeul Haque
shaque@bdl-iplaw.com
BISHOP DIEHL & LEE, LTD.
1475 E. Woodfield Road, Suite 800
Schaumburg, IL 60173
Tel.: (847) 969-9123
Fax: (847) 969-9124

*Counsel for Plaintiff, Pathway IP LLC*