UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATHWAY IP LLC, <br><br> Plaintiff, <br><br> v. <br><br> The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on the Attached Schedule A, <br><br> Defendants. | No. 24-cv-5218 <br><br> Judge Franklin U. Valderrama |

## ORDER

Plaintiff Pathway IP LLC (Pathway) brings this patent infringement suit against 82 Defendants, alleging that Defendants have infringed U.S. Patent No. 7,841,729 (the '729 Patent), through their sale of ring lights. Before the Court is Defendants Luxsure-US and Yarrashop Direct's (collectively, the Luxsure Defendants) motion to dismiss for improper joinder. R. 105, Luxsure Defs.' Mot.[1] For the reasons that follow, the Motion is granted in part and denied in part.

## Background

"It has become commonplace in this district for holders of trademark and trade dress rights to file suits naming dozens or even hundreds of claimed infringers and counterfeiters, alleging that they are selling" counterfeit products online. *Patent Holder Identified in Exhibit 1 v. Does 1-254*, 2021 WL 410661, at *1 (N.D. Ill. Feb. 6, 2021). Typically, the plaintiffs seek an injunction and recovery of damages. *Id*. "In these lawsuits, the actual identities and locations of the sellers are unknown to the trademark holder because they have used assumed names. The lawsuits are typically filed against a group of sellers whose assumed names are listed on an attachment to the complaint, usually called 'Schedule A.'" *Id*.

---

[1]Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

The present case is styled as a "Schedule A" case, but there is a fundamental difference from the usual suit because the present case is a patent infringement suit, not a trademark infringement suit. Specifically, here, Pathway alleges that each of the "Schedule A" Defendants is selling products that infringe a patent issued to Pathway, the '729 Patent.

The infringement allegations in the Amended Complaint are relatively conclusory, e.g., "Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized Products in the same transaction, occurrence, or series or transactions or occurrences." R. 85, Am. Compl. ¶ 25. The allegations in the Amended Complaint contain minimal information about how the claimed infringing products are alleged to infringe the patent. *See* Am. Compl. at Exh. 6. And none of the allegations in the Amended Complaint says anything specific about any individual Defendant, including the Luxsure Defendants.

Instead, in the Amended Complaint, Pathway contends it is the lawful owner of a valid and enforceable patent, the '729 Patent, a "webcam illuminator device," and that Defendants are selling products infringing Pathway's patented invention. Am. Compl. ¶¶ 2, 6–11. Pathway does include as part of its Amended Complaint an exhibit of "exemplary Defendants listed on Schedule A to the Complaint" which includes Yarrashop, and which exhibit details the allegations of how the product offered for sale by Yarrashop infringes the '729 Patent. R. 85-6, Exh. 6 at 3. The Luxsure Defendants challenge the sufficiency of the Amended Complaint based on misjoinder only.

**Legal Standard**

Generally, Federal Rule of Civil Procedure 20 governs permissive joinder of civil cases in federal court. Rule 20 provides that Defendants "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed R. Civ. P. 20.

However, for cases "relating to patents[,]" the American Invents Act (AIA) governs joinder. Section 299 of the AIA provides, in relevant part:

> (a) Joinder of Accused Infringers.—With respect to any civil action arising under any Act of Congress relating to patents . . . parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if—

2

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a).

As for a remedy for misjoinder, Federal Rule of Civil Procedure 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed R. Civ. P. 21.

## Analysis

In their Motion, the Luxsure Defendants argue that the joinder requirements of the AIA control, and that Pathway has failed to meet those requirements through its Amended Complaint. Specifically, the Luxsure Defendants contend that they do not sell the same products as other named Defendants, and that Pathway has failed to allege that Defendants meet the same transaction, occurrence, or series of transactions or occurrences required by Section 299 of the AIA. The Court addresses each argument in turn.

### I. Whether Rule 20 or the AIA Applies

As a threshold issue, the Court must decide whether Rule 20 or the AIA applies to joinder in this action.

The Luxsure Defendants contend that Pathway has failed to demonstrate that joinder of the Luxsure Defendants complies with the requirements of the AIA, specifically Section 299, as required in patent cases.

In response, Pathway argues that the Luxsure Defendants' reliance on Section 299 of the AIA to analyze joinder in this case is too narrow because Pathway also asserts claims for non-patent causes of action in this matter. R. 115, Resp. at 2. These other Counts include (1) unfair competition under the Lanham Act (Count II), (2) unjust enrichment under Illinois state common law (Count III), and (3) unfair competition under Illinois state common law (Count IV). *See* Am. Compl. On that

3

basis, argues Pathway, joinder should be analyzed under Federal Rule of Civil Procedure 20(a). Resp. at 2–3. And under Rule 20, argues Pathway, joinder is proper at the preliminary stage. *Id.* at 3. Pathway cites *Bose Corp. v. P'ships and Unincorporated Ass'ns Identified on Sched. "A"*, 334 F.R.D. 511, 517 (N.D. Ill. 2020) for the proposition that joinder is proper against a "swarm" of infringers. *Id.* at 4. Pathway also cites *Tang v. P'ships and Unincorporated Associations Identified on Sched. A*, 2024 WL 68332, at *3 (N.D. Ill. Jan. 4, 2024) to support this proposition.

Before the AIA was enacted, "it was common for patent holders . . . to sue or attempt to sue multiple infringers in a single suit. The AIA sought to put a stop to this." *Oakley, Inc. v. P'ships & Unincorporated Associations Identified on Schedule "A"*, 2021 WL 308882, at *1 (N.D. Ill. Jan. 30, 2021). The AIA provides that accused infringers of a patent may be joined in a single action as defendants only if a right to relief "is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" that involve making, using, importing, offering, or selling "the same accused product or process," 35 U.S.C. § 299(a)(1), and only if there are questions of fact common to all defendants that will arise, *id.* § 299(a)(2). Importantly, "accused infringers may not be joined in one action as defendants . . . based solely on allegations that they each have infringed the patent or patents in suit." *Id.* § 299(b).

The Court finds that the AIA joinder requirements apply in this case. Here, indisputably, Pathway's action is a civil action "relating to patents" within the meaning of Section 299, as Pathway alleges Defendants have infringed its '729 Patent. Although Pathway argues that the non-patent claims in the Amended Complaint require the Court to apply Rule 20 instead of the AIA, Pathway fails to cite to any authority for this proposition. Further, if Pathway was correct, then patent suit filers could simply include other non-patent counts in their Complaint to plead around the more stringent requirements of the AIA for joinder; clearly, this would gut the AIA's joinder requirements which covers civil actions "relating to patents."

Moreover, Pathway's citation to *Bose Corporation* and *Tang* does not compel a different result. In *Bose Corporation*, the court was considering joinder in the context of trademark infringement, not patent infringement. 334 F.R.D. at 516. And in *Tang*, a patent infringement case, the court dismissed the action for misjoinder under Section 299. 2024 WL 68332, at *3 ("This case does not involve a 'swarm' of counterfeiters passing off their products as those of a single plaintiff that owns a valuable trademark. Rather, it involves multiple sellers of the exact same type of product allegedly infringing on one seller's design patent. The essence of the dispute here is not infringement *en masse* but rather instances of infringement by distinct competitors.").

4

Thus, the Court applies the AIA's joinder requirements in considering the Luxsure Defendants' Motion.

## II. Whether the Complaint Sufficiently Alleges Defendants Sell the Same Product

Turning to whether the requirements of the AIA are met for joinder in this case, the Luxsure Defendants argue that the requirements of Section 299 are unmet because Defendants in this case do not sell the same products. Mot. at 2. In support, the Luxsure Defendants contend that the AIA's joinder provision is more stringent than Federal Rule of Civil Procedure 20—adding a "requirement that the transaction or occurrence must relate to the making, using, or selling of the *same accused product or process.*" *Id.* (citing *Rosetta-Wireless Corp. v. Apple Inc.*, 2015 WL 6955492, at *3 (N.D. Ill. Nov. 10, 2015)). The Luxsure Defendants maintain that it is insufficient to merely allege that each Defendant has infringed the patent or patents-in-suit; rather, Section 299 requires that the joined Defendants sell the same accused product, not a product that shares similarities. *Id.* (citing *Digitech Image Techs., LLC v. Agfaphoto Holding GmbH*, 2012 WL 4513805, at *2–3 (C.D. Cal. Oct. 1, 2012)). The Luxsure Defendants cite case law within this District to support their contention that the manufacture or sale of similar products does not support joinder in a patent case. *Id.* at 3 (citing *Rudd v. Lux Products Corp.*, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011); *Cozy Comfort Co. LLC v. Individuals, Corps. Ltd. Liab. Companies, P'ships, and Unincorporated Assn's Identified on Sched. A to Compl.*, 2024 WL 2722625, at *9 (N.D. Ill. May 28, 2024)).

At bottom, the Luxsure Defendants argue that Defendants do not sell the same accused products, and joinder is therefore improper. Mot. at 2–3. Specifically, the Luxsure Defendants argue that the conclusory allegation in the Amended Complaint that the accused products offered for sale by Defendants "bear similarities and indicia of being related to one another, suggesting that the [products] were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated" is not enough for joinder under Section 299 of the AIA. *Id.* at 3 (citing Am. Compl. ¶ 22). In support, the Luxsure Defendants include a chart showing differences between its products and other accused products sold by other Defendants, which they insist showcase differences in "design, features, intended use, and light emission capabilities[.]" *Id.* at 4–5.

In response, Pathway contends that there are other named Defendants that sell identical products to the Luxsure Defendants. Resp. at 1–2, 5–6. In support of this contention, Pathway includes a chart depicting the Luxsure Defendants'

5

products compared with the products of five other Defendants. *Id.* at 5–6, Table 1. Pathway also submits that "an examination of the remaining Defendants reveals that many of the Defendants share nearly identical features but vary from [the Luxsure Defendants] in offering additional light color options, but the products otherwise have a nearly identical structure." *Id.* at 6.

Under Section 299, allegations that each Defendant has infringed the '729 Patent is insufficient to meet the requirements for joinder. *See* 35 U.S.C. § 299(b) ("For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit."). Moreover, joinder is only proper where an alleged infringer is making, using, importing, offering for sale, or selling "the same accused product or process[.]" *Id.* § 299(a). This requirement has been interpreted to mean "identically sourced" and "it is not enough that the accused products have similarities." *Cozy Comfort Co.*, 2024 WL 2722625, at *9 (citing *Digitech*, 2012 WL 4513805, at *2–3)).

Here, Pathway's allegations support that Defendants are infringing its '729 Patent. However, based upon Pathway's own arguments, it is evident that there are differences among the various products offered by Defendants. For example, the Luxsure Defendants identify several named Defendants whose product offerings differ from its own product offerings, whereas Pathway argues that the Luxsure Defendants' products share similarities with a few other named Defendants. *Compare* Mot. at 5 *with* Resp. at 5–6. But the chart submitted by Pathway in its response does not conclusively show identical products offered by the Luxsure Defendants and the five other named Defendants, let alone all the named Defendants. For example, while Pathway contends the images in the chart support that the Luxsure Defendants sell "identical" products to the other few Defendants included in the chart, the photos do not seem so obvious. From the Court's view, and from the limited information included in the chart, there appears to be different sizes, features, and accessories. *See* Resp. at 5–6. The variations demonstrate that Defendants are not selling the same products. Further, Pathway contends that "an examination of the remaining Defendants reveals that many of the Defendants share *nearly* identical features[,]" which contention reveals that there are, in fact, differences between the Luxsure Defendants and remaining Defendants' products. *See* Resp. at 6 (emphasis added); *see also* Am. Compl. ¶ 4 ("E-commerce stores operating under the Seller Aliases share identifiers, such as design elements and *similarities* of the Unauthorized Products offered for sale, establishing that a logical relationship exists between them, and that Defendants' infringing operation arises out of the same transaction, occurrence, or series of transactions or occurrences.") (emphasis added).

6

Thus, on the limited record before it, the Court finds that Pathway has not demonstrated that the Luxsure Defendants sell the same products as the other named Defendants, as required by the AIA. Instead, Pathway's allegations support that each Defendant may be infringing its '729 Patent, but not through identical products. Yet similarities do not suffice. *Cozy Comfort Co*, 2024 WL 2722625, at *9 (finding joinder under Section 299 was improper where plaintiff conclusorily alleged that the products offered for sale "bear similarities and indicia of being related to one another, suggesting that the [products] were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.").

On that basis, joinder is improper. Although this finding is an independent basis for granting the Luxsure Defendants' motion, for the sake of completeness, the Court will also analyze the Luxsure Defendants' secondary argument.

### III. Whether the Complaint Sufficiently Alleges Defendants Meet the Same Transaction, Occurrence, or Series of Transactions or Occurrences

The Luxsure Defendants also argue that Pathway has not met the same transaction, occurrence, or series of transactions or occurrences requirement of Section 299 of the AIA. Again, the Luxsure Defendants point to allegations that they contend are conclusory, citing the allegation that "on information and belief the tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their infringing network." Mot. at 6 (citing Am. Compl. ¶ 12). That Pathway alleges Defendants engaged in similar or parallel conduct is insufficient, argues the Luxsure Defendants, citing *Oakley, Inc.*, 2021 WL 308882, at *2. The Luxsure Defendants also contend that allegations of using the same payment methods, check-out procedures, and offering products at similar prices, using the same text and images, is insufficient to support joinder. Mot. at 6–7. Finally, the Luxsure Defendants also argue that Pathway fails to allege or explain how common questions of fact will arise, as required by Section 299(a)(2). *Id.* at 7.

In response, Pathway does not directly address how Defendants meet the same transaction, occurrence, or series of transactions or occurrences requirement for joinder. Instead, Pathway focuses on its allegations that Defendants, by the sale of the allegedly Unauthorized Products, "are eroding Plaintiff's market share by preventing Plaintiff from entering the market, a market in which Plaintiff should have had exclusionary rights," again citing "mass infringement." Resp. at 4–5. Pathway also contends that the similarity of the products "suggests that there is, at

7

least, a common manufacturer or distributor, or a set [sic] few common manufacturers and/or distributors, working with Defendants in this matter . . . in the infringement of Plaintiff's Patent, if not an active and concerted effort by Defendants to sell products which infringe Plaintiff's Patent[.]" *Id.* at 7.

In applying Section 299, the "same transaction, occurrence, or series of transactions or occurrences" requirement has been interpreted to mean that "two defendants both manufacturing accused products who are competitors and not acting in concert—would result in misjoinder under § 299 because they would not satisfy the same transaction or occurrence requirement" whereas "multiple defendants operating at different levels in the same stream of commerce—for example, one manufacturer defendant (the upstream defendant) and one retailer defendant (the downstream defendant)—can properly be joined pursuant to § 299 where the upstream defendant provides the product to the downstream defendant." *Cozy Comfort Co.*, 2024 WL 2722625, at *9 (citing *Broadband iTV, Inc. v. Hawaiian Telcom, Inc.*, 2014 WL 5580967, at *5 (D. Haw. Oct. 30, 2014)). Where a "logical relationship" between defendants exists, joinder may be proper, however, "[c]ourts have considerable discretion and flexibility in determining whether a plaintiff has plausibly alleged such a relationship." *Tang*, 2024 WL 68332, at *1 (cleaned up).[2]

Here, at best, Pathway alleges that it suspects the accused products are all being made by the same unknown manufacturer, and that the Defendants are competing in a market "in which Plaintiff should have had exclusionary rights." Resp. at 5, 7. In effect, Pathway is alleging each Defendant is infringing its patent. But without more, this does not meet the standard of Section 299. 35 U.S.C. § 299(b).

At this stage, again, the Court agrees with the Luxsure Defendants that they are improperly joined. Having made a finding that the Luxsure Defendants are improperly joined, the Court turns to the appropriate remedy for misjoinder.

### IV. Remedy for Misjoinder

The Luxsure Defendants argue the proper remedy for misjoinder is dismissal, whereas Pathway argues the proper remedy is severing the claims against the Luxsure Defendants into a separate lawsuit.

Pathway argues that severance is governed by Federal Circuit law. Resp. at 7 (citing *In re EMC Corp.*, 677 F.3d 1351, 1354 (Fed. Cir. 2012) ("[J]oinder in patent cases is based on an analysis of the accused acts of infringement, and this involves

---

[2] *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

substantive issues unique to patent law.")). Pathway asks that the claims against the Luxsure Defendants be separated from this case, placed under a new case number, without being dismissed and refiled. *Id.* Pathway posits that doing so would promote judicial efficiency, and the Court's orders entered to date would remain in effect, and because the '729 Patent would be treated the same across each severed case. *Id.* at 8 (citing *CAO Group, Inc. v. The Individuals, Corps., Limited Liability Companies, P'ships, and Unincorporated Assoc. Identified on Sched. A*, Case No. 24-cv-01211, R. 95 (N.D. Ill. June 14, 2024) (J. Durkin) (ordering severance instead of dismissal for improperly joined defendants in a patent infringement case).

Predictably, the Luxsure Defendants disagree. Specifically, the Luxsure Defendants contend that severance and consolidation are inconsistent with the underlying policy of Section 299 of the AIA. R. 142, Reply at 5. Further, the Luxsure Defendants argue that consolidation will complicate confidentiality issues, requiring them to disclose confidential information to direct competitors, instead of disclosing solely to Pathway. *Id.* at 6. The Luxsure Defendant cite *WiAV Networks, LLC v. 3Com Corp.*, 2010 WL 3895047, at *3 (N.D. Cal. Oct. 1, 2010) to support their arguments that misjoinder requires dismissal, not severance. *Id.* Finally, the Luxsure Defendants argue any request for consolidation is premature, and that Pathway's suggested path forward deprives the Court of filing fees to which it is entitled. *Id.* at 7. For those reasons, the Luxsure Defendants argue the remedy is dismissal for misjoinder, citing *LG Elecs., Inc. v. P'ships & Unincorporated Associations Identified in Schedule A*, 2021 WL 5742389 at *4 (N.D. Ill. Dec. 2, 2021).

The case cited by Pathway to support its argument on severance is inapposite, as it concerned the pre-AIA standard of joinder for patent cases under Rule 20. *See In re EMC Corp.*, 677 F.3d at 1356. But the Court also observes that the in-District case cited by the Luxsure Defendants to support their argument for dismissal is distinguishable because in that case the court reasoned that "Plaintiffs implicitly concede that they misjoined the [moving defendants] because they do not claim that the [moving defendants] sell the same accused product as other named defendants[.]" *LG Elecs., Inc.*, 2021 WL 5742389, at *4.

Recall that Rule 21 provides that misjoinder is not a ground for dismissing an action, but the Court may drop a party or sever any claim against a party. Fed. R. Civ. P. 21. On that basis, the Court finds severing the claims brought against the Luxsure Defendants is appropriate.

The Court also agrees with the Luxsure Defendants as to filing fees; if defendants have been improperly joined, it does not follow that a plaintiff is absolved from paying filing fees for a separate case against those defendants. Accordingly, the

9

Court will require Pathway to pay the filing fee for its separate lawsuit against the Luxsure Defendants, should it choose to proceed against them.

The Court also agrees that any request for consolidation is premature, but will consider any motion for consolidation from Pathway as to the Luxsure Defendants if such a motion is filed.

## Conclusion

For the foregoing reasons, the Court grants in part and denies in part the Luxsure Defendants' Motion. The Luxsure Defendants have been misjoined in this action, and the claims against the Luxsure Defendants are severed from this action. The Clerk of Court is directed to open a new case as to Defendant Luxsure-US and Defendant Yarrashop Direct and to assign such action to this Court. Pathway is required to pay the filing fee.

Based on this ruling, by November 15, 2024 the Court orders Pathway to file a status report as to whether it will be proceeding as to the remaining Defendants in one action or grouping Defendants in separate actions. Based on that status report, the Court will set new deadlines for an Amended Complaint in this original action, and any severed actions.

Date: November 8, 2024

_Franklin Valderrama_
Judge Franklin U. Valderrama
United States District Judge