UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATHWAY IP LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON THE ATTACHED SCHEDULE A,<br><br>    Defendants. | No. 24-cv-5218<br><br>Judge Franklin U. Valderrama |

## ORDER

Plaintiff Pathway IP LLC (Pathway) brings this patent infringement suit against 82 Defendants, alleging that Defendants have infringed U.S. Patent No. 7,841,729 (the '729 Patent), through their sale of ring lights. Before the Court are four motions: (1) Defendants AIXIANGPAI 101089568, ATKTTOP Direct, and Aixiangpai's motion to dismiss for misjoinder [111]; (2) Defendants AIXIANGPAI 101089568, ATKTTOP Direct, and Aixiangpai's motion to dismiss for lack of jurisdiction [116]; (3) Defendants AMTLJ-US, Auriani-US, BONFOTO, CY Direct US, Lanyuantai, Legee Tech, NovoNost-us, PANYINYING, Pixel Lighting, Qirui-US, iphoto digit's motion to dismiss [124]; and (4) Defendant's Kaiess and Weilisi's motion to dismiss [140].

For the reasons that follow, the Court finds that Defendants AIXIANGPAI 101089568, ATKTTOP Direct, and Aixiangpai, AMTLJ-US, Auriani-US, BONFOTO, CY Direct US, Lanyuantai, Legee Tech, NovoNost-us, PANYINYING, Pixel Lighting, Qirui-US, iphoto digit, Kaiess, and Weilisi (collectively, Defendants) have been misjoined and are dismissed from this action. Additionally, the Court denies as moot Defendants AIXIANGPAI 101089568, ATKTTOP Direct, and Aixiangpai's motion to dismiss for lack of jurisdiction.

## Background

"It has become commonplace in this district for holders of trademark and trade dress rights to file suits naming dozens, or even hundreds, of claimed infringers and

counterfeiters, alleging that they are selling" counterfeit products online. *Patent Holder Identified in Exhibit 1 v. Does 1-254*, 2021 WL 410661, at *1 (N.D. Ill. Feb. 6, 2021). Typically, the plaintiffs seek an injunction and recovery of damages. *Id*. "In these lawsuits, the actual identities and locations of the sellers are unknown to the trademark holder because the sellers may have used assumed names. The lawsuits are typically filed against sellers whose assumed names are listed on an attachment to the complaint, usually called "Schedule A." *Id*. at 1-2.

The present case is styled as a "Schedule A" case, but there is a fundamental difference from the usual suit, as this case is a *patent* infringement suit. Specifically, Plaintiff Pathway (Pathway) alleges that the "Schedule A" Defendants are selling products that infringe a patent issued to Pathway, the '729 Patent.

The infringement allegations in the Amended Complaint are relatively conclusory, *e.g.*, "Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized Products in the same transaction, occurrence, or series or transactions or occurrences." R. 85, Am. Compl. ¶ 25.[1] The allegations in the Amended Complaint contain minimal information about how the claimed infringing products are alleged to infringe the patent. *See* Am. Compl. at Exh. 6. And none of the allegations in the Amended Complaint say anything specific about any individual Defendant.

Instead, in the Amended Complaint, Pathway contends it is the lawful owner of a valid and enforceable patent, the '729 Patent, a "webcam illuminator device," and that Defendants are selling products infringing Pathway's patented invention. Am. Compl. ¶¶ 2, 6–11. Pathway does include as part of its Amended Complaint an exhibit of "exemplary Defendants listed on Schedule A to the Complaint" which includes Defendant Weilisi, and which details the allegations of how the product offered for sale by Weilisi infringes the '729 Patent. R. 85-7, Exh. 6 at 4.

## Legal Standard

Generally, Federal Rule of Civil Procedure 20 governs permissive joinder of civil cases in federal court. Rule 20 provides that Defendants "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed R. Civ. P. 20

---

[1]Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

However, for cases "relating to patents[,]" the American Invents Act (AIA) governs joinder. Section 299 of the AIA provides, in relevant part:

(a) Joinder of Accused Infringers.—With respect to any civil action arising under any Act of Congress relating to patents . . . parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if—

(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and

(2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a).

Regarding the remedy for misjoinder, Federal Rule of Civil Procedure 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed R. Civ. P. 21.

## Analysis

In their motions, Defendants argue that the joinder requirements of the AIA control, and that Pathway has failed to meet those requirements through its Amended Complaint. Specifically, Defendants contend that they do not sell the same products as other named Defendants, and that Pathway has failed to allege that Defendants meet the same transaction, occurrence, or series of transactions or occurrences required by Section 299 of the AIA.

I. **Whether Rule 20 or the AIA Applies**

As a threshold, issue, the Court must decide whether Rule 20 or the AIA applies to joinder in this action. Defendants argue that Pathway has failed to demonstrate that the joinder of Defendants complies with the requirements of the AIA, specifically Section 299, as required in patent cases.

3

In response, Pathway argues that Defendants' reliance on Section 299 of the AIA to analyze joinder is too narrow because Pathway also asserts claims for non-patent causes of action in this matter. R. 200, Resp. at 2.[2] These other Counts include (1) unfair competition under the Lanham Act (Count II), (2) unjust enrichment under Illinois state common law (Count III), and (3) unfair competition under Illinois state common law (Count IV). *See* Am. Compl. On that basis, Pathway contends that joinder should be analyzed under Federal Rule of Civil Procedure 20(a). Resp. at 2–3. And under Rule 20, argues Pathway, joinder is proper at the preliminary stage. *Id.* at 3–4. Pathway cites *Bose Corp. v. P'ships and Unincorporated Ass'ns Identified on Sched. "A"*, 334 F.R.D. 511, 517 (N.D. Ill. 2020) for the proposition that joinder is proper against a "swarm" of infringers. *Id.* at 4. Pathway also cites *Tang v. P'ships and Unincorporated Associations Identified on Sched. A*, 2024 WL 68332, at *3 (N.D. Ill. Jan. 4, 2024) in support of this proposition.

Before the AIA was enacted, "it was common for patent holders . . . to sue or attempt to sue multiple infringers in a single suit. The AIA sought to put a stop to this." *Oakley, Inc. v. P'ships & Unincorporated Associations Identified on Schedule "A"*, 2021 WL 308882, at *1 (N.D. Ill. Jan. 30, 2021). The AIA provides that accused infringers of a patent may be joined in a single action as defendants only if a right to relief "is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" that involve making, using, importing, offering, or selling "the same accused product or process," 35 U.S.C. § 299(a)(1), and only if there are questions of fact common to all defendants that will arise, *id.* § 299(a)(2). Importantly, "accused infringers may not be joined in one action as defendants . . . based solely on allegations that they each have infringed the patent or patents in suit." *Id.* § 299(b).

The Court finds that the AIA joinder requirements apply in this case. Pathway's action is indisputably a civil action "relating to patents" within the meaning of Section 299, as Pathway alleges Defendants have infringed its '729 Patent. Although Pathway argues that the non-patent claims in the Amended Complaint require the Court to apply Rule 20 instead of the AIA, Pathway fails to cite to any authority for this proposition. Further, if Pathway were correct, then patent suit filers could simply include other non-patent counts in their Complaint to plead around the more stringent requirements of the AIA for joinder; clearly, this would gut the AIA's joinder requirements which covers civil actions "relating to patents."

---

[2]The Court cites to just one of Pathway's responses, as Pathway has "incorporate[d] all of its arguments regarding joinder. After all, if joinder is proper as to all Defendants—as [Pathway] asserts—then it is proper regardless of which Defendant(s) opposes joinder." R. 201 at 14–15.

Thus, the Court applies the AIA's joinder requirements in considering the Defendants' motions.

## II. Pathway's Amended Complaint Does Not Sufficiently Allege Defendants Meet the Same Transaction, Occurrence, or Series of Transactions or Occurrences

Defendants argue that they do not meet the same transaction, occurrence, or series of transactions or occurrences requirement of Section 299 of the AIA. The Court agrees.

In applying Section 299, the "same transaction, occurrence, or series of transactions or occurrences" requirement has been interpreted to mean that "two defendants both manufacturing accused products who are competitors and not acting in concert—would result in misjoinder under § 299 because they would not satisfy the same transaction or occurrence requirement" whereas "multiple defendants operating at different levels in the same stream of commerce—for example, one manufacturer defendant (the upstream defendant) and one retailer defendant (the downstream defendant)—can properly be joined pursuant to § 299 where the upstream defendant provides the product to the downstream defendant." *Cozy Comfort Co. LLC*, 2024 WL 2722625, at *9 (N.D. Ill. May 28, 2024) (citing *Broadband iTV, Inc. v. Hawaiian Telcom, Inc.*, 2014 WL 5580967, at *5 (D. Haw. Oct. 30, 2014)). Where a "logical relationship" between defendants exists, joinder may be proper, however, "[c]ourts have considerable discretion and flexibility in determining whether a plaintiff has plausibly alleged such a relationship." *Tang*, 2024 WL 68332, at *1 (cleaned up).[3]

As have plaintiffs in other cases before courts in this District, Pathway here relies heavily on *Bose Corp. v. P'ships, et al.*, 334 F.R.D. 511 (N.D. Ill. 2020) in support of joinder. It goes without saying that *Bose*, another district court order, is not binding on this Court. *See Camreta v. Greene*, 563 U.S. 692, 709 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). The Court agrees in part with the holding of *Bose*, in which the court rejected the argument that the plaintiff had plausibly alleged a transactional link. *Bose*, 334 F.R.D. at 514–16. The court reasoned that trademark infringers often copy *each other* to cause consumer confusion, making it impossible to infer that they were acting together. *Id*.

---

[3] *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

5

Moreover, the court found that the plaintiff could "identify only minimal similarities among two or three small subsets of the 17 defendants in this case." *Id.* at 514.

The Court disagrees, however, with the holding in *Bose* that joinder nonetheless was proper at the initial stage of the case, because "joinder can be based not just on 'transactions,' but also on 'occurrences.'"[4] *Bose*, 334 F.R.D. at 516. The *Bose* court found that the plaintiff had adequately alleged an occurrence of mass harm, analogizing the 17 defendants in that case to a BitTorrent "swarm" where large numbers of individuals used the internet to cause mass harm anonymously. *Id.* at 516. "In the BitTorrent context, 'swarm' refers to a group of computers in a peer-to-peer network downloading the same torrent. In this way, the computers are connected in purpose. Sometimes that purpose was to share copyright-protected files. In such instances, the copyright holder faced a 'swarm' of individuals seeking to harm it by illegally uploading and downloading its protected works." *Toyota Motor Sales, U.S.A., Inc. v. Partnerships and Unincorporated Associations Identified on Schedule A*, 24-cv-09401 Dkt. 23 at 2 (N.D. Ill. Oct. 18, 2024).

For the reasons articulated by several other judges in this District, the Court respectfully disagrees with the "swarm" analogy used in *Bose*. *See Bailie v. Partnerships and Unincorporated Associations,* 2024 WL 2209698 at *3–4 (N.D. Ill. May 15, 2024); *Toyota Motor Sales, U.S.A., Inc. v. Partnerships and Unincorporated Associations Identified on Schedule A*, 24-cv-09401 Dkt. 23 at 2–3 (N.D. Ill. Oct. 18, 2024); *see also Estee Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 187–88 (N.D. Ill. 2020) (pre-dating *Bose* but rejecting the "swarm" argument adopted in *Bose*).

In the BitTorrent context, all users' sharing of the infringing files necessarily stems from one initial upload of the copyrighted work, which leads to a series of uploads and downloads of the same file. *See Toyota Motor Sales*, 24-cv-09401, R. 23 at 3. Every user who joins the network and uploads or downloads the file knows that other users are doing the same and use their own devices to help those other users do so. *Id.* Therefore, they not only have a connection via the original upload but also

---

[4] The Court acknowledges that, in several earlier Schedule A cases, it found that the plaintiffs "sufficiently demonstrated that [the asserted claims] arise out of the same occurrence or series of occurrences" and therefore that joinder was "proper at this preliminary stage." *See, e.g.*, *Manchester United Football Club Ltd. v. Partnerships and Unincorporated Associations Identified on Schedule "A,"* 22-cv-00487 Dkt. 29 at 2 (June 9, 2022). However, the Court specified that it "rule[d] on whether joinder is proper on a case-by-case basis, and as such, [its] ruling [was] not dispositive of the propriety of joinder in a different case before the Court." *Id.* at 2 n.2. Moreover, upon further consideration of the issue, the Court finds that the better reasoned line of decisions rejects the swarm analogy.

have a *shared* purpose of making the copyrighted work easily available to other BitTorrent users. *Id*.

Here, to the contrary, Pathway argues that Defendants' infringing products have a common origin because they are "substantially similar, if not identical." Resp. at 6. While Pathway points out that Defendants' product descriptions use the same or similar wording and/or the same pictures, that does not establish that Defendants are the same or are working together. *See Bailie,* 2024 WL 2209698 at *5 ("[E]ven if defendants' webpages were all identical, joinder is improper because use of identical web pages would not overcome the likelihood that Defendants are just copycats, both of the [plaintiff's] style and of each other.") (cleaned up). The fact that, according to Pathway, often trademark/copyright/patent infringers employ the same tactics to avoid detection and that some Defendants may have common ownership does not change the analysis.

The circumstances here are unlike the connected computer users who have a *shared* purpose of sharing copyright-protected files by uploading and/or downloading the same file in the BitTorrent context. Here, even though Defendants all may have a *common* purpose of making money off selling products infringing Pathway's patent, they have no shared purpose. *See Toyota Motor Sales*, 24-cv-09401, R. 23 at 2 & n2. The analogy used in *Toyota Motor Sales* is useful in distinguishing a common purpose versus a shared purpose: both the Chicago Bears and the Green Bay Packers (and thirty other teams) have the common purpose of winning the Super Bowl. However, the Chicago Bears only have a *shared* purpose with their teammates: a Bears Super Bowl victory. Obviously, the Packers do not share *that* purpose with the Bears. Even taking Pathway's allegations as true, the Court finds they are insufficient to establish a shared purpose where, as discussed above, the allegations linking Defendants to each other are conclusory.

At best, Pathway alleges that it suspects the accused products are all being made by the same unknown manufacturer, and that the Defendants are competing in a market "in which Plaintiff should have had exclusionary rights." Resp. at 5–7. In effect, Pathway is alleging each Defendant is infringing its patent. Without more, this does not meet the standard of 35 U.S.C. § 299(b), and the Court finds Defendants have been misjoined. Having made such a finding, the Court turns to the remedy, as it need not address Defendants' argument that they do not sell the same products as other named Defendants.

### III. Remedy for Misjoinder

Pathway asks that the claims against Defendants be separated from this case and placed under a new case number without being dismissed and refiled. *Id*.

Pathway posits that doing so would promote judicial efficiency because the Court's orders entered to date would remain in effect and the '729 Patent would be treated the same across each severed case. *Id.* at 7–8 (citing *CAO Group, Inc. v. The Individuals, Corps., Limited Liability Companies, P'ships, and Unincorporated Assoc. Identified on Sched. A*, Case No. 24-cv-01211, R. 95 (N.D. Ill. June 14, 2024) (J. Durkin) (ordering severance instead of dismissal for improperly joined defendants in a patent infringement case). Predictably, Defendants disagree, arguing the proper remedy for misjoinder here is dismissal.

Rule 21 governs the misjoinder of parties and provides that on motion or *sua sponte*, a district court "may at any time, on just terms, add or *drop* a party" or "sever any claim against a party." Fed. R. Civ. P. 21 (emphasis added). Misjoinder can be remedied through "severance . . . or dismissing the excess defendants under Fed. R. Civ. P. 21." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (citing *Lee v. Cook County,* 635 F.3d 969 (7th Cir. 2011)); *see also UWM Student Ass'n v. Lovell*, 888 F.3d 854, 864 (7th Cir. 2018) ("The proper remedy for [misjoinder] is severance or dismissal without prejudice[.]"). "In formulating a remedy for a misjoinder, the judge is required to avoid gratuitous harm to the parties," such as avoiding dismissal when there are statute of limitations consequences. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) (cleaned up).

On the record before it, the Court exercises its discretion to dismiss Defendants from this case without prejudice based on misjoinder. *See Shenzhen Jisu Tech. Co. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unidentified Assocs. Identified on Schedule A*, 2024 WL 4834911, at *3 (N.D. Ill. Nov. 20, 2024) (dismissing a defendant without prejudice from Schedule A case due to misjoinder); *Tang*, 2024 WL 68332, at *3 (dismissing multiple defendants from Schedule A case without prejudice due to misjoinder). Pathway makes no argument that it would be experience "gratuitous harm" if its claims against Defendants were dismissed. Further, the Court disagrees that severing Defendants would promote judicial efficiency, as Pathway has made no showing that a separate suit involving each group of Defendants would pass muster under Section 299.

Take, for example, Defendants AMTLJ-US, Auriani-US, BONFOTO, CY Direct US, Lanyuantai, Legee Tech, NovoNost-us, PANYINYING, Pixel Lighting, Qirui-US, iphoto digit. Pathway has not demonstrated—beyond the fact that these Defendants are represented by the same attorney—that it would be proper to proceed against these Defendants in a single suit. The Court declines to risk severing misjoined defendants into separate cases in which they may also be misjoined. If the Court adopted Pathway's remedy, it could find itself resolving motion to dismiss after motion to dismiss, severing misjoined defendant after misjoined defendant, until it is left with a multitude of cases, each involving only one or two defendants at most. That

does not promote judicial economy. It would certainly be more efficient for Pathway to determine which Defendants may be properly joined and to file accordingly.

The Court recognizes the remedy it chooses here is at odds with the remedy it chose in its prior order involving the Luxsure Defendants. *See* R. 230 at 8–10. However, since the issuance of that Order, this Court has reevaluated the implications of misjoinder in "Schedule A" cases and now finds that the appropriate remedy is dismissal without prejudice, as the Seventh Circuit allows. *See, Gag Gifts For Good Causes, LLC v. The Individuals, Corporations, Limited Liability Companies, Partnerships, And Unincorporated Associations Identified On Schedule A*, No. 24-cv-13117, R. 17 (N.D. Ill. Jan. 15, 2025); *Jing v. The Partnerships and Unincorporated Associations identified in Schedule A*, No. 24-12846, R. 16 (N.D. Ill. Jan. 10, 2025); *Spin Master Ltd. et al v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 24-cv-12480, R. 30 (N.D. Ill. Jan. 8, 2025); *Peanuts Worldwide LLC v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 24-cv-11684, R. 30 (N.D. Ill. Jan. 2, 2025).

## Conclusion

For the foregoing reasons, the Court grants Defendants AIXIANGPAI 101089568, ATKTTOP Direct, and Aixiangpai's motion to dismiss [111], Defendants AMTLJ-US, Auriani-US, BONFOTO, CY Direct US, Lanyuantai, Legee Tech, NovoNost-us, PANYINYING, Pixel Lighting, Qirui-US, iphoto digit's motion to dismiss [124], and Defendant's Kaiess and Weilisi's motion to dismiss [140]. The Court dismisses without prejudice Pathway's claims against Defendants AIXIANGPAI 101089568, ATKTTOP Direct, and Aixiangpai, AMTLJ-US, Auriani-US, BONFOTO, CY Direct US, Lanyuantai, Legee Tech, NovoNost-us, PANYINYING, Pixel Lighting, Qirui-US, iphoto digit, Kaiess and Weilisi. The Court denies as moot Defendants AIXIANGPAI 101089568, ATKTTOP Direct, and Aixiangpai's motion to dismiss for lack of jurisdiction [116].

Date: March 13, 2025

Judge Franklin U. Valderrama
United States District Judge